## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | | |
|---|---|---|
| ADVANTAGE INDUSTRIAL SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00113-JHM-HBB |
| | ) | |
| ALERIS ROLLED PRODUCTS, INC., | ) | |
| commonly known as ALERIS ROLLED | ) | |
| PRODUCTS MANUFACTURING, INC., which | ) | |
| merged with COMMONWEALTH ALUMINUM | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ANSWER, DEFENSES, AND COUNTERCLAIM OF
### DEFENDANT/COUNTER-PLAINTIFF ALERIS ROLLED PRODUCTS, INC.

Defendant, ALERIS ROLLED PRODUCTS, INC. d/b/a ALERIS ROLLED PRODUCTS MANUFACTURING, INC. ("Aleris"), files its Answer, Defenses, and Counterclaim to the Complaint (Doc. No. 1) of Plaintiff, ADVANTAGE INDUSTRIAL SYSTEMS, LLC ("AIS"), and states as follows:

## I. PARTIES

1.      Aleris is without knowledge as to the allegations set forth in paragraph 1.

2.      Admitted.

## II.  JURISDICTION AND VENUE

3.      Admitted that the amount in controversy exceeds $75,000.00 and that some or all of the actions took place in this District.  Otherwise, Aleris denies the remaining allegations.

## III.  COMMON ALLEGATIONS

4.      Admitted that Aleris entered into a contract with AIS to perform work on the CALP lines at the Project.  Aleris also admits that portions of the AIS Contract are attached to

the Complaint as **Exhibit "A"** and that these portions speak for themselves.  Otherwise, Aleris

denies the remaining allegations contained in paragraph 4, including that **Exhibit "A"** is a

complete copy of the AIS Contract.

5.      Admitted that Aleris hired Ramon Mella to work on the Project.  Otherwise,

Aleris denies the remaining allegations.

6.      Admitted that Aleris entered into contracts with an Andritz Group entity and with

CH2M Hill to perform services on the Project.  Otherwise, Aleris denies the remaining

allegations.

7.      Denied.

8.      Aleris is without knowledge as to the allegations of paragraph 8.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Admitted that some items were shipped out of sequence for the Project, through no fault of Aleris.  Otherwise, Aleris denies the remaining allegations.

28.     Aleris is without knowledge as to the allegations set forth in paragraph 28.

29.     Denied.

30.     Denied.

31.     Aleris is without knowledge as to the allegations set forth in paragraph 31.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Admitted that Aleris reduced the scope of CH2M Hill during the course of the Project.  Otherwise, Aleris denies the remaining allegations.

40.     Admitted that Aleris reduced the scope of CH2M Hill during the course of the Project.  Otherwise, Aleris denies the remaining allegations.

41.     Admitted that Aleris reduced the scope of CH2M Hill during the course of the

042594.000153 4842-0011-1986

Project.  Otherwise, Aleris denies the remaining allegations.

42.     Denied.

43.     Admitted that Aleris entered into a contract with Cives, that the Cives Contract speaks for itself, and that Cives did not supply steel for CALP 2.  Otherwise, Aleris denies the remaining allegations contained in paragraph 43.

44.     Denied.

45.     Denied.

46.     Aleris is without knowledge as to the allegations set forth in paragraph 46.

47.     Aleris is without knowledge as to the allegations set forth in paragraph 47.

48.     Aleris is without knowledge as to the allegations set forth in paragraph 48.

49.     Aleris is without knowledge as to the allegations set forth in paragraph 49.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Aleris admits that AIS filed a lien and that the AIS Lien speaks for itself. Otherwise, Aleris denies the remaining allegations contained in paragraph 56.

57.     Denied.

58.     Denied.

59.     Denied.

042594.000153 4842-0011-1986

60.     Aleris admits it contracted with CH2M Hill for the Project and that the contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 60.

61.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 61.

62.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 62.

63.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 63.

64.     Admitted that Aleris reduced the scope of CH2M Hill during the course of the Project.  Otherwise, Aleris denies the remaining allegations.

65.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 65.

66.     Denied.

67.     Denied.

68.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 68.

69.     Denied.

70.     Admitted.

71.     Aleris admits that AIS entitled to rely upon the suitability, adequacy and building code conformance of designs.  Otherwise, Aleris denies the remaining allegations contained in paragraph 71.

72.     Denied.

042594.000153 4842-0011-1986

73.     Aleris admits that certain structural steel drawings were revised.   Otherwise, Aleris denies the remaining allegations contained in paragraph 73.

74.     Denied.

75.     Denied.

76.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 76.

77.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 77.

78.     Denied.

79.     Aleris admits that certain crates were supposed to have labeling and packing slips. Otherwise, Aleris denies the remaining allegations contained in paragraph 79.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 84.

85.     Admitted.

86.     Denied.

87.     Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 87

88.     Denied

89.     Denied.

042594.000153 4842-0011-1986

90. Denied.

91. Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself. Otherwise, Aleris denies the remaining allegations contained in paragraph 91.

92. Denied.

93. Denied.

94. Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself. Otherwise, Aleris denies the remaining allegations contained in paragraph 94.

95. Denied.

96. Admitted that certain sections of the foundation were not complete on November 19, 2015. Otherwise, Aleris denies the remaining allegations contained in paragraph 96.

97. Denied.

98. Denied.

99. Denied.

100. Aleris denies the allegations contained in paragraph 100, including all subparts.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself. Otherwise, Aleris denies the remaining allegations contained in paragraph 105.

106. Denied.

107. Denied.

108. Denied.

042594.000153 4842-0011-1986

109.    Denied.

110.    Denied.

111.    Admitted that Aleris entered into a contract with Cives and that the Cives Contract speaks for itself.   Otherwise, Aleris denies the remaining allegations contained in paragraph 111.

112.    Admitted.

113.    Denied.

114.    Denied.

115.    Admitted that Aleris entered into a contract with Covenant and that the Covenant Contract speaks for itself.   Otherwise, Aleris denies the remaining allegations contained in paragraph 115.

116.    Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 116.

117.    Admitted.

118.    Admitted that Aleris entered into a contract with AIS and that the AIS Contract speaks for itself.  Otherwise, Aleris denies the remaining allegations contained in paragraph 118.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Aleris denies the allegations contained in paragraph 122, including all subparts.

123.    Denied.

124.    Denied.

125.    Denied.

042594.000153 4842-0011-1986

126.    Denied.

127.    Denied.

128.    Denied.

129.    Aleris admits it informally discussed resolution of various change orders and other issues with AIS and that such discussions were not successful.  Otherwise, Aleris denies the remaining allegations contained in paragraph 129.

130.    Denied.

131.    Aleris admits it informally discussed resolution of various change orders and other issues with AIS and that such discussions were not successful.  Otherwise, Aleris denies the remaining allegations contained in paragraph 131.

132.    Denied.

133.    Aleris admits the parties agreed to and did exchange claim summaries in July 2017.  Otherwise, Aleris denies the remaining allegations contained in paragraph 133.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.  This allegation is frivolous as the parties did attend mediation prior to the filing of this lawsuit in March 2018.

138.    Admitted that further mediation would be unnecessary as the parties have already unsuccessfully mediated this dispute in 2018.  Otherwise, Aleris denies the remaining allegations contained in paragraph 138.

139.    Denied.

140.    Denied.

## COUNT I -- (Breach of Contract)

141.    Aleris admits and denies the allegations contained in paragraph 141 in the same respect as all preceding paragraphs incorporated herein by reference.

142.    Aleris denies the allegations contained in paragraph 142, including all subparts.

143.    Aleris denies the allegations contained in paragraph 143.

## COUNT II-- (Kentucky Fairness in Construction Act)

144.    Aleris admits and denies the allegations contained in paragraph 144 in the same respect as all preceding paragraphs incorporated herein by reference.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

## COUNT III (Quantum Meruit/Unjust Enrichment)

153.    Aleris admits and denies the allegations contained in paragraph 153 in the same respect as all preceding paragraphs incorporated herein by reference.

154.    Admitted that Aleris directed AIS to perform certain work on the Project. Otherwise, Aleris denies the remaining allegations in paragraph 154.

155.    Admitted that Aleris justifiably refused to pay AIS for certain invoices AIS submitted for the Project. Otherwise, Aleris denies the remaining allegations in paragraph 155.

042594.000153 4842-0011-1986

156.    Denied.

157.    Denied.

## **GENERAL DENIAL**

158.    Aleris denies each and every demand for relief from AIS.  Furthermore, each and every allegation and prayer of the Complaint not specifically admitted above is hereby denied.

## **ATTORNEYS' FEES**

159.    Aleris has retained the law firm of Baker & Hostetler LLP and Sheffer Law Firm, PLLC to represent it in this action and has agreed to pay them a reasonable fee for their services. Aleris is entitled to recover its attorneys' fees and costs.

## **FIRST DEFENSE**
### **(Prior Breach of Contract)**

160.    Aleris' obligations, if any, under the AIS Contract were discharged as a result of AIS' prior breaches of the AIS Contract which include, but are not limited to AIS': (a) failing to properly staff the job with adequately skilled workers; (b) failing to properly staff the job with proper supervisory and management personnel; (c) failing to meet the project schedule; (d) failing to adhere to the proposed work hours; (e) failing to complete work under the AIS Contract; (f) failing or refusing to cure defective and nonconforming work; (g) failing to complete the work in a good and workmanlike manner; (h) failing to send timely notice of any purported claims; (i) failing to maintain a clean jobsite; (j) improperly billing Aleris for base scope work as purported change orders; (k) failing to provide Aleris with credits due under the AIS Contract; and (l) failing to accelerate its work despite being compensated to do so.

161.    As a result of AIS' prior breaches, it should be foreclosed from seeking relief under the AIS Contract.

042594.000153 4842-0011-1986

## SECOND DEFENSE
### (Failure of Conditions Precedent)

162.    AIS failed to comply with all conditions precedent prior to bringing this action. More specifically, AIS failed to perform its duties and obligations under the AIS Contract including, but not limited to: (a) failing to properly staff the job with adequately skilled workers; (b) failing to properly staff the job with proper supervisory and management personnel; (c) failing to meet the project schedule; (d) failing to adhere to the proposed work hours; (e) failing to complete base scope work under the AIS Contract; (f) failing or refusing to cure defective and nonconforming work; (g) failing to complete the work in a good and workmanlike manner; (h) failing to send timely notice of any purported claims; (i) failing to maintain a clean jobsite; (j) improperly billing Aleris for base scope work as purported change orders; (k) failing to provide Aleris with credits due under the AIS Contract; and (l) failing to accelerate its work despite being compensated to do so.

## THIRD DEFENSE
### (Unclean Hands)

163.    AIS realleges and incorporates herein by reference paragraphs 160 through 162 above.

164.    As a result of AIS' acts and omissions referenced herein, it is prevented from seeking relief by the doctrine of unclean hands.

## FOURTH DEFENSE
### (Premature Action and Lack of Notice/Demand)

165.    The AIS Contract requires AIS to provide Aleris with written notice of any alleged claim within twenty-one days after the occurrence.  AIS failed to provide Aleris with written notice setting forth any of the alleged breaches, damages or delays within the required time, and therefore this action is barred.

042594.000153 4842-0011-1986

## FIFTH DEFENSE
### (Set Off)

166.     AIS' damages, if any, should be reduced or setoff against damages suffered by Aleris as a result of AIS' own breach of the contract as more fully set forth in paragraphs 160 through 162 above.

## SIXTH DEFENSE
### (Failure to Mitigate)

167.     AIS' damages, if any, should be reduced to the extent reasonable mitigation efforts could have prevented any further loss to AIS.

## SEVENTH DEFENSE
### (Recoupment)

168.     As a result of AIS' breaches of contract, AIS may have caused damages to Aleris in an amount equal to or in excess of the amount sought by AIS in its claim against Aleris.  As such, Aleris is entitled to recoup all such damages from AIS.

## EIGHTH DEFENSE
### (Failure to State a Cause of Action)

169.     The Complaint fails to state a cause of action because (a) AIS failed to comply with all conditions precedent prior to bringing this action; (b) AIS breached the AIS Contract with Aleris prior to bringing this action; (c) AIS failed to provide written notice of any alleged breaches, delays, or defaults under the AIS Contract prior to asserting the claims in its Complaint, and (d) Kentucky law precludes a claim for Quantum Meruit and/or Unjust Enrichment where, as here, the Plaintiff admits the existence of a valid contract.

## NINTH DEFENSE
### (Waiver)

170.     AIS had the known and existing right to submit claims or enforce the terms of the AIS Contract with respect to the alleged breaches by Aleris.

171.     AIS voluntarily relinquished its right to enforce the terms of AIS Contract by failing to timely object to any alleged breaches by AIS or by failing to submit its claim per the terms of the AIS Contract and for the reasons more fully set forth in paragraphs 160 through 162, above.  AIS' claims are thus barred by the doctrine of waiver.

### TENTH DEFENSE
**(Laches)**

172.     AIS realleges and incorporates herein by reference paragraphs 160 and 162, above.

173.     AIS' claims are barred by laches because AIS failed to timely assert the alleged breaches, claims for damages and delays or notify Aleris within a reasonable time of the alleged breaches set forth in the Complaint.  Rather, AIS waited an extended amount of time to assert its alleged claims.

### ELEVENTH DEFENSE
**(Speculative Damages)**

174.     AIS' damages, if any, as alleged in the Complaint are speculative and, therefore, not recoverable.

### TWELFTH DEFENSE
**(Estoppel)**

175.     To the extent AIS claims Aleris varied from the written terms of the AIS Contract, including any purported reduction in scope of CH2M Hill or Aleris self-performing some of those duties, AIS had the opportunity to object or notify Aleris of the alleged breach under the AIS Contract.  Throughout the entire duration of the Project AIS never objected or provided Aleris or others with written notice as to an alleged breach by the reduced scoping of CH2M Hill.  During this time, AIS attended meetings where CH2M Hill's reduced scope was discussed and AIS routinely worked directly with Aleris in the areas where Aleris was self-

14

performing the CH2M Hill duties. At no time did AIS object or provide notice to Aleris or CH2M Hill that it objected to the reduced scoping and self-performance. Rather, AIS acquiesced to the reduced scoping and self-performing by Aleris and continued to work on the Project for months without objection or notice. Only after AIS was in default did AIS purportedly object to the alleged reduced scoping of CH2M Hill.

176.     To the extent AIS claims that Aleris has withheld excessive retainage from AIS, said claim is also barred because AIS and Aleris negotiated the terms of the AIS Contract at arm's length and Aleris is entitled to withhold the amount of retainage set forth in the AIS Contract. At no time did AIS object or provide notice to Aleris that it was holding excessive retainage. Rather, AIS acquiesced to the amount being withheld and continued to work on the Project for months without objection or notice. Only after AIS was in default did AIS purportedly object to the amount of retainage being withheld.

177.     The actions and positions now taken by AIS are contrary to the positions taken by it during the Project. Aleris relied upon the actions and positions taken by AIS during the course of the Project and has now suffered a detriment caused by AIS' change in positions. AIS' claims are thus barred by the doctrine of estoppel.

**THIRTEENTH DEFENSE**
**(Statute of Limitations)**

178.     AIS instituted a prior lawsuit against Aleris for substantially similar claims, in the matter of *AIS vs. Aleris Rolled Products et al.*, Case No. 4:17-cv-109-JHM-HBB, (the "2017 Case") in this Court.

179.     The 2017 case was dismissed for lack of subject matter jurisdiction.

042594.000153 4842-0011-1986

180.    AIS's claims against Aleris in this action were not asserted with proper timeliness after dismissal of the 2017 Case.  Therefore, this lawsuit is barred by the applicable statutes of limitation and/or statutes of repose.

## FOURTEENTH DEFENSE
### (Lack of Substantial Completion)

181.    Aleris is not liable for any damages under Kentucky's Fairness in Construction Act because the Project has not reached substantial completion as defined by the Act and the amount estimated by Aleris to correct AIS' incomplete and deficient work is within the amount permitted to be withheld under the Act.

## FIFTEENTH DEFENSE
### (Lack of Consideration and Mistake)

182.    During the course of the Project, Aleris and AIS entered into various change orders for certain work on the Project.

183.    AIS falsely claimed and falsely represented to Aleris that this work was "additional" or "out of scope" work for the Project, but, Aleris has discovered that in fact such work was within the scope of the AIS Contract.

184.    There was no consideration provided by AIS for these change orders for alleged additional work where either AIS did not perform the work or where AIS was already paid for the work, and therefore these change orders are barred by the doctrine of lack of mutual consideration.

185.    Additionally, these change orders fail under the doctrine of mistake.

## SIXTEENTH DEFENSE
### (Claim Splitting/Election of Remedies)

186.    Subsequent to the filing of both the 2017 Case and this case, AIS filed a Crossclaim against Aleris in the case of *VEC, Inc. v. Aleris Rolled Products et al.*, Case No. 18-

CI-77, pending in the Circuit Court of the Commonwealth of Kentucky, Hancock County (the "State Court Action").

187.   In the State Court Action, AIS seeks to foreclose on its lien against Aleris in the amount of $1,518,610.79, the same amount of actual damages that AIS seeks in this Case.

188.   The law prevents AIS from seeking duplicative damages, and from trying the dispute between the parties *seriatim* over the course of multiple lawsuits.

189.   AIS's claim is therefore barred by the doctrines of claim splitting and/or election of remedies.

### SEVENTEENTH DEFENSE
### (Slander of Title/Fraudulent Lien)

190.   The Complaint makes reference to and incorporates the AIS Lien filed against the Property (Doc. No. 1, ¶ 56), however, AIS appears to assert no claim based upon this Lien.  In an abundance of caution and in the alternative, AIS asserts the following defense.

191.   The AIS Lien knowingly and falsely includes amounts for alleged unpaid change orders, which were actually base scope work for which AIS was already paid.  Additionally, the AIS Lien includes amounts for work allegedly completed by AIS, but which was actually removed from AIS' scope via value engineering.

192.   The recorded lien has impaired the marketability of title to Aleris' property.

193.   AIS intentionally and maliciously recorded the lien against Aleris' property knowing portions of it were false or exaggerated.

194.   As a consequence of AIS' actions Aleris has been damaged, and any recovery obtained by AIS in this case should be set off against such damages for Slander of Title.

**WHEREFORE**, ALERIS ROLLED PRODUCTS, INC. d/b/a ALERIS ROLLED PRODUCTS MANUFACTURING, INC. respectfully requests that the Court (a) grant judgment

042594.000153 4842-0011-1986

in its favor on Counts I, II, and III of the Complaint with prejudice; (b) award Aleris its reasonable attorneys' fees where permitted by law or under the applicable contracts; (c) award Aleris its costs of suit; and (d) grant Aleris any and all other further relief as deemed just and proper.

## COUNTERCLAIM AGAINST ADVANTAGE INDUSTRIAL SYSTEMS, LLC

Defendant/Counterclaimant, ALERIS ROLLED PRODUCTS, INC. d/b/a ALERIS ROLLED PRODUCTS MANUFACTURING, INC. ("Aleris"), asserts its Counterclaim against Plaintiff/Counterclaim Defendant ADVANTAGE INDUSTRIAL SYSTEMS, LLC ("AIS"), and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      AIS is an Illinois limited liability company with its principal place of business in Illinois.  At all times material to this action, AIS conducted and transacted business within the Commonwealth of Kentucky.

2.      Aleris is a Delaware corporation with its principal place of business in Ohio, duly authorized and permitted to transact business under the laws of the Commonwealth of Kentucky.

3.      Jurisdiction and venue are proper in this Court under 28 U.S.C. § 1332 *et seq.*, because this claim is between two citizens of different states and involves an amount in controversy in excess of $75,000, exclusive of interest, fees, and costs, some or all of the actions giving rise to the damages at issue occurred within this District, and the contract at issue permit jurisdiction in this Court.

4.      In addition, jurisdiction and venue are proper in this Court, as AIS sought affirmative relief in this Court with the filing of its Complaint against Aleris.

042594.000153 4842-0011-1986

## FACTUAL BACKGROUND

5.      Aleris is a worldwide leader in the manufacturing and sale of aluminum rolled products.  Aleris produces a variety of rolled aluminum for various industries, distributors, and end users worldwide.

6.      Aleris is the owner of an aluminum manufacturing facility located on State Road 1957 in Lewisport, Kentucky (hereinafter, "the Property").

7.      In 2015, Aleris hired various contractors to perform services at the aluminum manufacturing facility to expand its rolled aluminum manufacturing capability on the Property.

8.      In or about October of 2015, Aleris entered into a contract with AIS to erect structural steel and install equipment for two Continuous Annealing Lines with Pre-Treatment ("CALP") lines in connection with the expansion of the rolling mill at the Property (hereinafter, "the Project").  A true, correct and authentic correct copy of the Contract between AIS and Aleris is attached hereto as **Exhibit "A"** and incorporated herein by reference (hereinafter, "the AIS Contract").

9.      In the AIS Contract, AIS represented that it had evaluated and satisfied itself as to the condition and limitations under which its work would be performed, including an evaluation of the current labor supply and costs.

10.      Under the AIS Contract, AIS was also obligated to, among other things, provide labor, material and services within the approved schedule and complete all its work in a good and workmanlike manner.

11.      To the extent AIS believed the AIS Contract was unclear or ambiguous, thereby impacting AIS' ability to perform, AIS was required to notify Aleris.  Additionally, AIS agreed to monitor its work and promptly notify Aleris of any potential delays.  To the extent Aleris and

19

AIS were unable to resolve issues, AIS agreed to provide Aleris with 21 days' notice of any occurrence giving rise to a claim. AIS' complete duties and obligations are set forth in the AIS Contract.

12.     AIS commenced work on the Project and began performing under the AIS Contract.

13.     Shortly after AIS commenced work it became apparent that AIS was unable to perform under the AIS Contract, and those actions which it attempted to perform were not being completed in a good, workmanlike, or timely manner.

14.     Among other things, AIS could not adequately man the job with local labor and also employed local management level personnel who were not competent to supervise the job. As a result, AIS' productivity was poor, and it either failed to complete work or its work was defective resulting in Aleris having to cure or complete said work.

15.     Furthermore, AIS failed meet the agreed-upon work schedules.

16.     Aleris provided AIS with notice of its deficiencies under the Project during the time that AIS was performing work on the Project site. This included verbal notice at various meetings on site, as well as written notice. Despite such notice, the quality and timeliness of AIS's work failed to improve.

17.     Concerned about AIS's ability to complete its scope of work in a timely manner, Aleris directed AIS to accelerate its work, and agreed to pay AIS an additional sum for the acceleration of certain work. Despite being directed to and paid for accelerating its efforts, AIS still failed to complete its work in a timely manner.

18.     In addition, during the course of the Project, AIS approached Aleris and requested that Aleris enter into various change orders for certain work on the Project.

042594.000153 4842-0011-1986

19.     AIS employees represented to Aleris that the work encompassed by these proposed change orders were outside of the scope of the AIS Contract, yet necessary to complete the Project.

20.     In reliance on AIS's statements, and in the hopes of having AIS complete its scope of work at or near the dates of completion in the Project schedule, Aleris entered into various change orders with AIS for the purported additional work.

21.     AIS falsely claimed and falsely represented to Aleris that the work in question was "additional" or "out of scope" work for the Project and billed Aleris accordingly.

22.     Aleris tendered payment to AIS for some of these change orders, and subsequently discovered that, in fact, such claimed "additional" work was within the original scope of the AIS Contract.

23.     There was no consideration provided by AIS for these change orders for alleged "additional" work whereas AIS either did not perform the work or AIS was already due to be paid for the work under prior agreement of the parties.

24.     To date, Aleris estimates that AIS' faulty performance or breaches of the AIS Contract have caused Aleris damages of in excess of $4,900,000.00.

25.     In addition, throughout the period in question, AIS failed to timely notify Aleris of any claims AIS had against Aleris.

26.     Aleris continues to investigate AIS' work on the Project and continues to receive complaints from non-party contractors that AIS impacted their performance on the Project.  As result, AIS reserves its right to assert additional breaches and/or seek additional damages under the AIS Contract uncovered during discovery.

042594.000153 4842-0011-1986

27.     Aleris has complied with all conditions precedent to bringing this action, which have been performed, occurred, satisfied, or have been waived or excused by AIS.

28.     In particular and without limitation, AIS and Aleris participated in mediation in March of 2018, thereby satisfying the provision of the AIS Contract that requires mediation prior to filing suit.

29.     Aleris has retained the law firm of Baker & Hostetler LLP and Sheffer Law Firm, PLLC to represent it in this action and has agreed to pay them a reasonable fee for their services. Aleris is entitled to recover its attorneys' fees and costs.

**COUNT I**
**BREACH OF AIS CONTRACT**

30.     Aleris realleges and incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

31.     The AIS Contract was a valid, duly authorized, and legally binding agreement between AIS and Aleris.

32.     AIS committed numerous material breaches of the AIS Contract, including but not limited to:

(a)     failing to properly staff the job with adequately skilled workers;

(b)     failing to properly staff the job with proper supervisory and management personnel;

(c)     failing to meet the project schedule;

(d)     failing to adhere to the proposed work hours;

(e)     failing to complete base scope work under the AIS Contract;

(f)     failing or refusing to cure defective and nonconforming work;

(g)     failing to complete the work in a good and workmanlike manner;

(h)     failing to send timely notice of any purported claims;

(i)      failing to maintain a clean jobsite;

(j)      improperly billing Aleris for base scope work as purported change orders;

(k)     failing to provide Aleris with credits due under the AIS Contract; and

(l)      failing to accelerate its work despite being compensated to do so.

33.     AIS failed to remedy such defects or deficiencies despite demands to do so.  As a result of AIS' defaults, Aleris was entitled to withhold payment under the AIS Contract.

34.     AIS' actions have damaged Aleris in an amount equal to or greater than $4,900,00.00.

35.     Aleris is entitled to interest and attorneys' fees and costs pursuant to the AIS Contract and/or Kentucky law.

**WHEREFORE**, Defendant/Counterclaimant, ALERIS ROLLED PRODUCTS, INC. d/b/a ALERIS ROLLED PRODUCTS MANUFACTURING, INC. demands judgment against Plaintiff/Counterclaim Defendant ADVANTAGE INDUSTRIAL SYSTEMS, LLC. of no less than $4,900,000.00, plus pre- and post-judgment interest, costs, and reasonable attorneys' fees and any and all other further relief as deemed just and proper.

<u>**COUNT II**</u>
**(Unjust Enrichment/Quantum Meruit)**

36.     Aleris realleges and incorporates herein by reference paragraphs 1 through 20, 23, and 25 through 29 above, as if fully set forth herein.

37.     This cause of action is pled in the alternative to Count I, in the event that Aleris was damaged by actions and/or inaction by AIS that were agreed to by the parties but falls outside of the scope of work of the AIS Contract.

042594.000153 4842-0011-1986

38.     Aleris and AIS entered into change orders for work under the Project.  Aleris paid AIS under several of these change orders.  Aleris discovered that several of the change orders in question were issued for work for which AIS had already been paid or which were included in the base contract amount.

39.     In addition, for several other change orders for changed, additional, accelerated, and/or extra work outside the scope of work of the AIS Contract, AIS failed to perform under such change orders and/or failed to accelerate its work as agreed.

40.     As a result, AIS was paid sums under various change orders that it was not entitled to, either because it was already paid for such work, or because AIS failed to perform as required under said change order(s).

41.     Aleris incurred additional costs in reliance upon AIS's agreement to perform changed, additional, accelerated, and/or extra work including, without limitation, additional equipment to AIS, adjusting the schedule of other trades to accommodate such work, providing additional payments and/or credits to AIS, directing or diverting additional manpower to assist AIS, and absorbing additional charges for the above.

42.     AIS, without cause or justification, acted in bad faith by reneging on the parties' agreement for additional work and failed to perform the additional work it agreed to perform, and/or performed such work in a non-workmanlike manner.

43.     AIS received a pecuniary benefit from Aleris's efforts under circumstances that it would be unjust for AIS to retain such benefits.

44.     As a direct and proximate cause of AIS's actions, Aleris has suffered monetary damages in excess of $75,000.00, excluding prejudgment interest, post-judgment interest, attorneys' fees, and costs of suit.

042594.000153 4842-0011-1986

**WHEREFORE**, Defendant/Counterclaimant, ALERIS ROLLED PRODUCTS, INC. d/b/a ALERIS ROLLED PRODUCTS MANUFACTURING, INC. demands judgment against Plaintiff/Counterclaim Defendant ADVANTAGE INDUSTRIAL SYSTEMS, LLC. of an amount in excess of $75,000.00, plus pre- and post-judgment interest, costs, reasonable attorneys' fees to the extent permitted by applicable law, and any and all other further relief as deemed just and proper.

Respectfully submitted this September 17, 2018.

*/s/ Michael S. Vitale*
Brian C. Blair, Esq. (Admitted PHV)
Florida Bar No. 0973084
Michael S. Vitale, Esq. (Admitted PHV)
Florida Bar No. 17136
**BAKER & HOSTETLER LLP**
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, Florida 32802-0112
Telephone:  407-649-4000
Facsimile:  407-841-0168
Email:  bblair@bakerlaw.com
         emachin@bakerlaw.com
         mvitale@bakerlaw.com
         mrios@bakerlaw.com
         Orlbakerdocket@bakerlaw.com

**SHEFFER LAW FIRM, PLLC**
John A. Sheffer
101 S. 5th St., Suite 1450
Louisville, KY 40202
and
402 Frederica St., Ste. D-104
Owensboro, KY 42301
Telephone: 502-582-1600
Facsimile: 502-582-1193
Email: jsheffer@kylaw.com
*Counsel for Defendant,*
*Aleris Rolled Products, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2018 a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Anthony E. Patterson, Esq.
Anthony E. Patterson & Associates, PC
304 Ross Street, Suite 505
Pittsburgh, PA 15219
Telephone:  412-281-2704
Facsimile:  412-586-5274
Email:  aeplawfirm@aol.com
*Attorney for Plaintiff*

R. Michael Sullivan, Esq.
Sullivan, Mountjoy, Stainback & Miller, PSC
100 St. Ann St.
P.O. Box 727
Owensboro, KY 42302
Telephone:  270-926-400
Facsimile:  270-683-6694
Email:  msullivan@smsmlaw.com
*Attorney for Plaintiff*

*/s/ Michael S. Vitale*
Michael S. Vitale

042594.000153 4842-0011-1986