UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00113-JHM-HBB

ADVANTAGE INDUSTIAL SYSTEMS, LLC,                                    PLAINTIFF

VS.

ALERIS ROLLED PRODUCTS, INC.,
Commonly known as ALERIS ROLLED
PRODUCTS MANUFACTURING, INC., which
merged with COMMONWEALTH ALUMINUM,                                    DEFENDANT

<u>MEMORANDUM OPINION
AND ORDER</u>

This matter is before the Court on an amended motion to compel and supporting exhibits filed by Defendant Aleris Rolled Products, Inc. ("Aleris") (DN 58 and Exhibits 1-4). Plaintiff Advantage Industrial Systems, LLC ("AIS") responded with a memorandum in opposition and supporting exhibits (DN 59). Aleris replied with a memorandum (DN 34). For the reasons set forth below, Aleris's motion to compel is **GRANTED** in part and **DENIED** in part.

<u>Background</u>

AIS entered into a written AIA contract ("Contract") with Aleris to erect structural steel and install equipment for two continuous annealing lines with pre-treatment lines (CALP 1 and CALP 2) at Aleris's rolling mill in Lewisport, Kentucky (DN 1 PageID # 2 Complaint; DN 1-2 Exhibit A – AIA Contract). AIS alleges it performed the work in connection with a $350 million project to convert Aleris's Lewisport Rolling Mill into a state-of-the-art facility with improved rolled aluminum fabrication capabilities for use among various industries including, sheet plate and fabricated products for the automotive, building and construction, and transportation and

consumer durable goods industries (DN 1 PageID # 2-8; DN 30 PageID # 540-41; DN 33 PageID # 556).   Aleris asserts the project cost more than $600 million (DN 33-2 PageID # 573 ¶ 10 Declaration of Eric M. Rychel).

The Complaint alleges that Aleris failed to pay AIS for base contract work and additional costs arising from extra work, delays, disruptions, and inefficiencies on the Project (DN 1 PageID # 2-17).   Count I in the Complaint asserts a breach of contract claim; Count II raises a claim under the Kentucky Fairness in Construction Act; and Count III presents a quantum meruit/unjust enrichment claim (Id. PageID # 17-19).   AIS seeks a monetary damage award of an amount not less than the base contract amount of $1,518,610.79; impact costs; interest in accordance with KRS 371.405 et seq.; attorney fees in accordance with KRS 371.415; collection costs; pre and post judgment interest; and other relief the Court deems appropriate (Id. PageID # 19).

Aleris responded to the Complaint with an Answer asserting seventeen defenses and two counterclaims (DN 18 PageID # 199-213).   Count I of the counterclaims alleges that AIS committed numerous material breaches of the Contract which have damaged Aleris in an amount equal to or greater than $4,900,000.00 (Id. PageID # 206-11).   Count II asserts a claim of unjust enrichment/quantum meruit that is pled in the alternative to Count I (Id. PageID # 211-13).   AIS responded to Aleris's counterclaims with an Answer asserting ten defenses (DN 19).

This discovery dispute arises out of AIS's objections and responses to Aleris's First Set of Interrogatories and First Requests for Admissions (DN 43 PageID # 687; DN 58 PageID # 803).[1] Aleris filed the initial motion to compel on February 28, 2020 (DN 43).

As a result of meeting and conferring, the parties stipulated that AIS would file supplemental responses to the written discovery by April 27, 2020, Aleris would review the

---

[1] Aleris served its First Set of Interrogatories and First Requests for Admissions on AIS in January 2019 (DN 43 PageID # 687).

supplemental responses, and the parties would file a Joint Status Report by May 25, 2020 (DN 52 Joint Stipulation). More specifically, as to the First Requests for Admissions, AIS agreed to provide supplemental responses removing its General Objections; and file amended responses "removing boilerplate objections such as 'vague, ambiguous, and calling for a legal conclusion' and 'subject to and without waiving' where such objections are inapplicable" (DN 52 PageID # 786). In lieu of the boilerplate objections, AIS agreed "to state whether it admits, denies, or is without knowledge for those Requests which do not currently have such an answer" (Id. PageID # 787). As to Interrogatory Nos. 2 through 8, AIS agreed to provide supplemental responses removing its General Objections; to "serve amended responses removing boilerplate objections such as 'vague, overbroad, and unduly burdensome' where such objections are inapplicable; and to provide more detailed, substantive interrogatory responses" (Id.). As to Interrogatory No. 11, AIS agreed to "use its best efforts to provide an amended interrogatory response, similar to the form of Aleris's amended interrogatory response on damages (Doc. No. 43-2, pp. 28-31) providing greater detail on AIS's claimed damages, including, but not limited to, AIS's categories of damages and/or explaining how its supplemental production on damages pertain to its claimed damages" (DN 52 PageID # 787).

Additionally, the parties submitted a proposed Agreed Order regarding Aleris's Motion to Compel (DN 53). On March 30, 2020, the Court issued the Agreed order which established an April 27, 2020 deadline for AIS to serve its supplemental responses, stayed consideration of Aleris's Motion to Compel, and established a May 25, 2020 deadline for the parties to file a Joint Status Report regarding their efforts to resolve the discovery dispute (DN 52; DN 54 Agreed Order).

On May 25, 2020, the parties filed a Joint Status Report explaining their efforts to narrow the scope of the discovery dispute (DN 56).[2]  The Report established specific deadlines for Aleris to complete a review of the amended supplemental discovery responses; Aleris to file an amended motion to compel pertaining to the written discovery that remained in dispute; AIS to file a response thereto; and Aleris to file a reply (DN 56 PageID # 798-99).  On June 5, 2020, Aleris filed its amended motion to compel (DN 58).  On June 19, AIS filed its response (DN 59).  On July 6, 2020, Aleris filed its reply (DN 60).  This matter is ripe for determination.

<u>Discussion</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure guides the evaluation of any discovery request. The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1).  In assessing whether the discovery is "proportional to the needs of the case," courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u>; Advisory Committee Notes 2015 Amendment.

### 1.   Interrogatory Nos. 3, 4, 6, 8, and 11

Rule 33 specifies that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  Further, "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

---

[2] The Report explained the progress that the parties had concerning the following three categories of issues: (1) the exchange of privilege logs by the parties; (2) Aleris's claim that AIS's interrogatory responses were deficient; and (3) Aleris's claim that AIS's responses to the requests for admissions were deficient (DN 56 PageID # 796-98).

The Rule allows a party to respond to interrogatories by producing business documents.  Fed. R.

Civ. P. 33(d).  Specifically, the Rule states:

> If the answer to an interrogatory may be determined by examining,
> auditing, compiling, abstracting, or summarizing a party's business
> records (including electronically stored information), and if the
> burden of deriving or ascertaining the answer will be substantially
> the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient
> detail to enable the interrogating party to locate and identify
> them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to
> examine and audit the records and to make copies,
> compilations, abstracts, or summaries.

Id.

This discovery dispute arises out of AIS's objections and responses to "contention"

interrogatories propounded by Aleris.  "Contention" interrogatories seek to clarify the basis for or

scope of an opposing party's legal claims.  Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421 n.

2 (6th Cir. 1998) aff'd sub nom. Cunningham v. Hamilton Cnty., Ohio, 527 U.S. 198 (1999).  "The

general view is that contention interrogatories are a perfectly permissible form of discovery, to

which a response ordinarily would be required."  Id. (citations omitted).  Further, contention

interrogatories that ask a party to state the facts upon which it bases a specific claim or defense are

a permissible form of written discovery.  Davis v. Hartford Life & Accident Ins. Co., No. 3:14-

CV-00507-TBR, 2015 WL 7571905, at *5 (W.D. Ky. Nov. 24, 2015) (citations omitted).

Courts have recognized that propounding contention interrogatories early in litigation may

serve very legitimate and useful purposes, such as ferreting out frivolous or unsupportable claims.

Cleveland Const., Inc. v. Gilbane Bldg. Co., No. 05-471-KSF, 2006 WL 2167238, at *7 (E.D. Ky.

July 31, 2006) (citations omitted).  They may also serve as bases for motions for summary

judgment, that would not only help reduce the scope of the dispute but also help narrow the focus and the extent of discovery that needs to be taken and facilitate settlement discussions.  Id. (citations omitted); United States ex rel. Natural Res. Def. Council v. Lockheed Martin Corp., No. 5:99-CV-170, 2014 WL 6909652, at *4 (W.D. Ky. Dec. 8, 2014) (citation omitted).

Even at an early stage of litigation, requiring a party to answer contention interrogatories is consistent with Fed. R. Civ. 11(b)(2) and (3) because the party is expected to have some good faith basis in fact and law for the claim or defense being asserted.  Cleveland Const., Inc., 2006 WL 2167238, at *7 (citing Dot Com Entm't Group, Inc. v. Cyberbingo Corp., 237 F.R.D. 43, 46 (W.D. N.Y. 2006)); United States ex rel. O'Connell v. Chapman Univ., 245 F.R.D. 735, 649-50 (C.D. Calif. 2007) (Objecting on the basis that discovery has just begun makes no sense because Rule 11 requires plaintiffs to have a basis for their allegations in the complaint.).  Accordingly, contention interrogatories that seek the basis for a claim or defense should be answered.  Id.  But given the well-recognized problems a responding party may face in trying to give complete answers to contention interrogatories early in the litigation process, a propounding party is well-advised to anticipate changes as the responding party receives additional information and complies with the Rule 26(e) duty to supplement.  United States ex rel. Scott v. Humana Inc., No. 3:18-CV-61-JRW-CHL, 2019 WL 7406784, at *1 (W.D. Ky. Dec. 18, 2019) (citation omitted); Lockheed Martin Corp., 2014 WL 6909652 at *4, 5.

The Federal Rules of Civil Procedure allow a party to move for an order compelling disclosure or discovery when "a party fails to answer an interrogatory submitted under Rule 33 . . ."  Fed. R. Civ. P. 37(a)(3)(iii).  Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Objections to interrogatories "must be stated with specificity."  Fed. R. Civ. P. 33(b)(4).  The party

seeking to compel discovery has the burden of demonstrating that a discovery response is inadequate. Barnes v. District of Columbia, 289 F.R.D. 1, 6 (D.D.C. 2012).

### a. Interrogatory Nos. 3 and 11

Interrogatory No. 3 focuses on the allegation in Paragraph 55 of the Complaint that "Aleris failed and refused, without justification, to pay AIS $1,518,610.79 of the original AIS Contract amount invoiced for work performed on the Project ("Base Contract Amount")" (DN 1 PageID # 8; DN 58-1 PageID # 842). Interrogatory No. 3 asks AIS to describe in detail the factual basis for this allegation, and with respect to the $1,518,610.79 amount "state with particularity:

> a. the basis for calculating or determining the amount;
> b. The method or manner in which the amount was computed;
> c. The names, current addresses and telephone numbers of all individuals having knowledge of the amount;
> d. The identity of all documents that support or any in manner reflect, refer, or relate to set amount."

(DN 58-1 PageID # 842). AIS's second supplemental response reads as follows:

> ANSWER: See AIS' Complaint and AIS' Answers and Defenses to Aleris' Counterclaim in this case and AIS' Answer to Amended Complaint for Foreclosure of Mechanic's Liens and Breach of Contract and Counterclaim and Cross-claim filed in the case of *Valley Electrical Consolidated, Inc. v. Aleris Rolled Products, Inc.*, et al. filed in the Hancock Circuit Court of the Commonwealth of Kentucky at case no. 18-CI-00077. See also AIS' Answer to Interrogatory No. 11. AIS has determined that the Base Contract Amount owed to AIS on the Project is the sum of $1,518,610.79. This sum was calculated using the sum of the invoices reflecting charges for the work. AIS has retained experts to calculate and testify to its damages in this case. The answer to this interrogatory will be contained in the expert report(s) submitted in accordance with the Court's Scheduling Order.
>
> a. See answer above an answer to Interrogatory No. 11;
> b. See answer above;
> c. See the individuals listed in AIS' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) (Doc No. 9);

> d. AIS has produced all documents relating to its testifying expert's initial computation of damages.

(Id.).

Interrogatory No. 11 focuses on the allegation in Paragraph 123 of the Complaint that "Aleris is required to pay AIS for AIS's additional labor costs, labor inefficiencies, extended general conditions, and any other damages as a result of Aleris's delays, disruptions, and interference on the Project ('Impact Costs')" (DN 1 PageID # 15; DN 58 PageID # 811). Interrogatory No. 11 asks AIS to describe in detail the factual basis for this allegation, and with respect to each of the "Impact Costs," state with particularity:

> a. the element of the cost (e.g., "AIS's additional labor costs, labor inefficiencies, extended general conditions, and any other damages");
> b. the amount of the costs;
> c. the basis for calculating or determining the amount;
> d. the method or manner in which the amount was computed;
> e. the names, current addresses and telephone numbers of all individuals having knowledge of the amount.

(DN 58 PageID # 811).

AIS's response reads as follows:

> ANSWER: Subject to and without waiving the foregoing General Objections, see AIS' Complaint and AIS' Answers and Defenses to Aleris' Counterclaim in this case and AIS' Answer to Amended Complaint for Foreclosure of Mechanic's Liens and Breach of contract and Counterclaim and Cross-claim filed in the case of *Valley Electric Consolidated, Inc. v. Alaris Rolled Products, Inc.*, filed in the Hancock Circuit Court of the Commonwealth of Kentucky at case no. 18-CI-00077. By way of further answer, AIS has retained experts to calculate and testify to its damages in this case. The answer to this Interrogatory will be contained in the expert report(s) submitted in accordance with the Court's Scheduling Order (Doc No. 22). AIS will produce all relevant nonprivileged documents relating to this Interrogatory pursuant to its Objections and Responses to Defendant's First Request for Production of Documents.

a.  See above and AIS has preliminarily identified the following elements:
1.  labor inefficiencies;
2.  delay related costs/extended general conditions;
3.  unpaid contract balance including retention;
4.  unpaid changed order work performed by AIS.

b.  See above and the estimated amount of the aforementioned elements is:
1.  approximately $2.5 million;
2.  approximately $1.5 million;
3.  approximately $1.5 million;
4.  approximately $0.6 million
(all of the above amount subject to change)

c.  See Above and:
1.  Aleris-caused impacts which resulted in AIS' loss of labor inefficiency included, but are not limited to: late foundations, late deliveries, altered workflow, problems with steel and equipment, extensive RFI's, equipment not well marked, late establishments of line of site and centerline, extensive performance notices, extensive change orders, and departure of CH2MHill;
2.  Due to issues beyond AIS's control, both the construction of the CALP 1 and CALP 2 production lines were significantly delayed.  Based on AIS' preliminary assessment, CALP 1 was delayed by over 120 days due to numerous issues and CALP 2 was delayed by over 170 days primarily due to late steel deliveries.  The completion of CALP 2 and thus, the overall project completion date was delayed by approximately 5.5 months;
3.  AIS completed its scope of work.  Accordingly, unpaid contract amounts are due and owing;
4.  AIS performed work outside the scope of its contract at the direction of, or for the benefit of Aleris and has not been paid by Aleris for the work performed.

d.  See above and the method(s) for determining the amount of the above elements include:
1. Measured Mile Approach;
2. CPM schedule analysis;
3. contract documents;
4. negotiated amounts, actual costs plus mark-up, or reasonable amounts plus mark-up.

e.  See above and the individuals listed in AIS' Initial Disclosures Pursuant to Fed. R. Civ. P. 26 (a)(1) (Doc No. 9).

(DN 58 PageID # 811-13).

Aleris objects to both answers to the extent they refer to unidentified portions of AIS's Complaint, its Answers and Defenses to Aleris' Counterclaim in this case, and AIS' Answer to the Amended Complaint for Foreclosure of Mechanic's Liens and Breach of contract and Counterclaim and Cross-claim filed in a related state court proceeding before the Hancock Circuit Court (DN 58 PageID # 813).  AIS does not directly respond to this objection (DN 59 PageID # 874-75).  Aleris's reply reiterates its position (DN 60 PageID # 909, 912).

The Court agrees with Aleris regarding both answers.  AIS's reference to unidentified portions of pleadings is far too vague to satisfy its burden under Rule 33(b)(3) to fully explain the factual basis for the allegations in Paragraphs 55 and 123 in its Complaint.  *See* Brown Tax Ease Lien Servicing, LLC, No. 3:15-CV-208-CRS, 2017 WL 6939338, at *23-24 (W.D. Ky. Feb. 16, 2017) (must specifically respond to contention interrogatories by providing to the fullest extent possible the known facts as opposed to making general references to pleadings, depositions, or documents); Kuriakose v Veterans Affairs Ann Arbor Healthcare System, No. 14-cv-12972, 2016 WL 4662431 at *3 (E.D. Mich. Sept 7, 2016)(As Rule 33(b)(3) requires a party to answer each interrogatory "fully," it is technically improper and unresponsive for a party to answer an interrogatory by referring generally to outside material such as pleadings, depositions, or other interrogatories.); Myers v. Anthem Life Ins. Co., 316 F.R.D. 186, 198 (W.D. Ky. 2016) (As a party must explain the factual bases for each affirmative defense, it is not sufficient to state that the factual bases for its defenses can be found in the administrative record).  Further, identifying pleadings which set forth allegations does not comply with Aleris's request that AIS describe in detail the "factual basis" for the allegations in Paragraphs 55 and 123 of the Complaint.  In sum, providing general references to pleadings filed in this and a related state court action does not comply with AIS's duty under Rule 33(b)(3) to provide fulsome answers to each interrogatory.

10

Therefore, AIS is directed to strike these general references to pleadings in its supplemental response to both interrogatories.

Next, Aleris objects to AIS's answer to Interrogatory No. 3 to the extent it refers to AIS's answer to Interrogatory No. 11 which Aleris characterizes as deficient (DN 58 PageID # 813-15). Relatedly, Aleris argues the documents AIS produced in response to Interrogatory Nos. 3 and 11 are deficient because they do not answer the damages questions in these interrogatories (Id.). Additionally, Aleris asserts AIS's general reference to its Rule 25 initial disclosures which identifies over 60 individuals is insufficient (Id.). Aleris also objects to AIS's use of the Scheduling Order deadline for expert reports as an excuse for not fully answering Interrogatory Nos. 3 and 11 (Id.). Aleris claims that AIS has violated the Court's Order requiring it to "supplement [its] damages calculation disclosures" and the parties' Joint Stipulation and the Court Order on the same which collectively provided that AIS would provide greater detail on its claimed damages (Id. citing DN 27 ¶ 4; DN 52 ¶ 5; DN 54).

AIS responds by claiming the 131 documents it produced to Aleris are sufficient to satisfy its burden of providing a complete response to Interrogatory Nos. 3 and 11 (DN 59 PageID # 874-79). AIS indicates these "focused" documents which consist of invoices, change order requests, tabulations sheets, employee wage and hour records were used by its testifying expert to initially calculate AIS' damages (Id.). AIS explains that these documents when viewed with its responses to the subparts for both interrogatories fully answer Interrogatory Nos. 3 and 11 to the extent it is currently able to do so (Id.). AIS advises that it will provide more fulsome answers to the interrogatories through the expert report when it is due under the Scheduling order deadline (Id.). AIS contends that it cannot supplement its answers to these interrogatories without consulting with its testifying expert and obtaining what amounts to preliminary opinions (DN 59 PageID # 876).

11

AIS argues that the rules preclude Aleris from requiring preliminary opinions and Aleris must wait until expert reports are due on October 19, 2020 (Id.).  Additionally, AIS asserts that its Rule 26 Initial Disclosures specifically identify eight individuals with knowledge or information regarding damages (Id.).

Aleris's reply asserts that the document production does not satisfy Rule 33(d) because it fails to provide the requisite detail necessary to decipher the damages information requested by Interrogatory Nos. 3 and 11 (DN 60 PageID # 909-12).  Aleris's reply argues that AIS has an obligation to investigate and answer discovery, even if they must consult with their expert before supplementing its response (DN 60 PageID # 910-11 citing Drutis v. Rand McNally & Co., 236 F.R.D. 325, 329-30 (E.D. Ky. 2006)).  Aleris points out that seven of the eight individuals listed in AIS's Rule 26 Initial Disclosures are identified with only a general description that they have knowledge of "damages caused by inefficiencies, change orders and backcharges" (Id.).  Aleris contends that this is insufficient information for an interrogatory response and that none of the individuals purportedly have knowledge of the amounts of the "unpaid contract balance including retention" and "extended general conditions" as well as other subcategories listed by AIS in Subsection 11(c) of its answer (Id.).

The Court notes that even at an early stage of litigation a party is expected to have some good faith basis in fact and law for the claim being asserted.  See Fed. R. Civ. P. 11(b)(2) and (3); Cleveland Const., Inc., 2006 WL 2167238, at *7 (citations omitted).  Further, "[a] party has a duty to make a reasonable investigation before responding to interrogatories."  Baker v. Cnty. Of Missaukee, 1:09-CV-1059, 2013 WL 5786899, at *3 (W.D. Mich. Oct. 28, 2013) (citing Watson v. Dillon Cos., Inc., No. 8-CV-91, 2008 WL 5104783, at *6 (D. Colo. Dec. 2, 2008)); 3M Innovative Properties Co. v. Tomar Electronics, No. 05-756(MJD/AJB), 2006 WL 2670038, at *6

(D. Minn. Sept. 18, 2006) ("In light of the Supreme Court's directive that discovery under the federal rules requires a complete disclosure of relevant facts known to the parties, parties are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests."); Calderon v. Tower Associates International, Inc. (USA), No. 88-1240-FR, 1989 WL 62458, at *2 (D.Or. June 7, 1989) ("a party is required to make a reasonable investigation before responding to interrogatories . . ."). Additionally, a party is required "to answer interrogatories as fully as the information available to him will allow." Calderon, 1989 WL 62458, at *2.

AIS indicates that it enlisted the aid of its testifying expert in answering Interrogatory Nos. 3 and 11 (DN 59 PageID # 874-76). Thus, it appears that AIS made a reasonable investigation before responding to both interrogatories. The next step then is to determine whether AIS answered Interrogatory Nos. 3 and 11 as fully as the information available to AIS will allow.

The Court will begin by observing that Interrogatory No. 3 focuses on the purported $1,518,610.79 unpaid balance that AIS refers to as the "Base Contract Amount." Interrogatory No. 11 addresses what AIS claims are "Impact Costs" allegedly sustained as a result of Aleris's delays, disruptions, and interference on the project.

In assessing whether AIS's answer to Interrogatory No. 3 is fulsome, the Court has excised from the main paragraph the general references to pleadings and the comments about the forthcoming expert report. Two of the three remaining sentences in the main paragraph indicate AIS has determined the Base Contract Amount owed to it on the Project is $1,518,610.79 and AIS calculated this sum using the invoices reflecting charges for the work. The third sentence indicates that more information responsive to Interrogatory No. 3 can be found in AIS's answer to Interrogatory No. 11. Because Rule 33(b)(3) requires a party to answer each interrogatory

"separately and fully," it is technically improper and unresponsive for AIS to answer Interrogatory No. 3 by referring generally to its answer to Interrogatory No. 11. *See* Kuriakose, 2016 WL 4662431, at * 3. Notwithstanding, the Court has reviewed AIS's answer to Interrogatory No. 11 and makes several observations. The main paragraph of AIS's answer to Interrogatory No. 11 does not provide any information relevant to Interrogatory No. 3. But subparts (a)(3), (b)(3), (c)(3), and (d)(3) provide information that may pertain to Interrogatory No. 3 (*see* DN 58 PageID # 812). The subparts viewed together indicate that the unpaid contract balance including retention is estimated at approximately $1.5 million, the unpaid contract amounts are due and owing because AIS completed its scope of the work, and AIS relied on the contract documents in determining the amount. As these subparts do not expressly indicate AIS intends for them to be responsive to Interrogatory No. 3, they require Aleris to draw an inference that renders AIS's reference to its answer to Interrogatory No. 11 non-responsive to Interrogatory No. 3. Therefore, AIS is directed to supplement its answer to Interrogatory No. 3.

AIS responded to the four subparts of Interrogatory No. 3 by twice referring to its answer to Interrogatory No. 11; by generally referring to the more than 60 individuals listed in its Rule 26 Initial Disclosures; and by referring all the documents it produced relating to its testifying expert's initial computation of damages. To the extent that subparts (a) and (b) of the answer make a general reference to Interrogatory No. 11, this is technically improper and for the reasons set forth above it necessitates Aleris to draw an inference that renders AIS's reference to its answer to Interrogatory No. 11 non-responsive to Interrogatory No. 3. *See* Rule 33(b)(3); Kuriakose, 2016 WL 4662431, at * 3. Therefore, AIS is directed to supplement its answer to subparts (a) and (b) of Interrogatory No. 3.

To the extent AIS responded to subpart (c) of Interrogatory No. 3 by referring Aleris to the individuals listed in its Rule 26 Initial Disclosure, the answer amounts to directing Aleris to a haystack to find the needles.  AIS should have responded to subpart (c) by providing the names, current addresses, and telephone numbers of all individuals having knowledge of the "Base Contract Amount."  *See* Fed. R. Civ. P. 33(b)(3).  Therefore, AIS is directed to supplement its answer to subpart (c) of Interrogatory No. 3.

To the extent AIS responded to subpart (d) of Interrogatory No. 3 by producing the 131 documents relating to its testifying expert's initial computation of damages.  Aleris seems to concede this is sufficient if the document production is complete.  As AIS indicates the document production is complete, the Court concludes this is an adequate response to subpart (d) for now.  But AIS is reminded that pursuant to Rule 26(e) it has a duty to supplement its answers to this interrogatory in a timely manner.

AIS claims the 131 documents[3] it produced are sufficient to satisfy its burden of providing a complete response to Interrogatory No. 3 (DN 59 PageID # 874-79).  Because AIS makes the same argument as to Interrogatory No. 11, the Court will address both matters below.

The main paragraph of AIS's answer to Interrogatory No. 11 does not provide any substantive information.  Rather, it merely makes a general reference to other pleadings, indicates the forthcoming expert report will answer the interrogatory, and mentions that all relevant nonprivileged documents relating to the interrogatory will be produced.  Thus, AIS has not described in detail the factual basis for the allegation in Paragraph 123 of the Complaint.  For this reason, AIS is directed to file a supplemental answer to this part of Interrogatory No. 11.

---

[3] AIS indicates the "focused" 131 documents consist of invoices, change order requests, tabulations sheets, employee wage and hour records (DN 59 PageID # 874).  AIS advises that these are the documents that its testifying expert used to initially calculate AIS' damages (Id.).

AIS has provided substantive answers to subparts (a), (b), (c), and (d) of Interrogatory No. 11. AIS's answer to subpart (a) indicates it has preliminarily identified four elements of the "Impact Costs" and specifically delineates them. AIS's answer to subpart (b) specifies the estimated amount of costs for each for each of those delineated elements. AIS's answer to subpart (c) indicates the basis for its calculating or determining the estimated amount of costs for each of the four delineated elements. AIS's answer to subpart (d) advises the methods used to determine the amount for each of the four delineated elements. As this matter is currently in the early stages of discovery and AIS indicates it has answered these subparts to the extent it is currently able to do so, the Court concludes it has adequately responded to subparts (a), (b), (c) and (d) for now. AIS is reminded that pursuant to Rule 26(e) it has a duty to supplement its answer to this subpart to the interrogatory in a timely manner.

AIS responded to subpart (e) of Interrogatory No. 11 by referring Aleris to "[s]ee above" and the individuals listed in its Rule 26 Initial Disclosure. This answer amounts to directing Aleris to a haystack to find the needles. AIS could and should have provided the names, current addresses, and telephone numbers of all individuals having knowledge of the specifically identified the individuals having knowledge of the "Impact Costs." *See* Fed. R. Civ. P. 33(b)(3). Therefore, AIS is directed to supplement its answer to subpart (e) to Interrogatory No. 11.

As previously mentioned, AIS claims the 131 documents it produced are sufficient to satisfy its burden of providing a complete response to Interrogatory Nos. 3 and 11 (DN 59 PageID # 874-79). The Court concludes AIS's production of 131 documents does not comport with Rule 33(d). Specifically, AIS failed to certify that the answer may be found in the referenced records and specify the subparts to Interrogatory Nos. 3 and 11 that these records answer and where in the records the answer can be found. *See* Davis, 2015 WL 7571905, at *5 (A party relying on Rule

33(d) must certify that the answer may be found in the referenced records and specify where in the records the answer can be found.); Mullins v. Prudential Ins. Co. of America, 267 F.R.D. 504, 514 (W.D. Ky. 2010) (A party relying on Rule 33(d) "must not only certify that the answer may be found in the records referenced by it, but also 'must specify where in the records the answer [can] be found.'") (quoting Cambridge Electronics Corp. v. MGA Electronics, Inc., 227 F.R.D. 313, 322–23 (C.D.Cal.2004)); Hypertherm, Inc. v. American Torch Tip Co., No. 05-CV-373-JD, 2008 WL 5423833 at *3 (D. N.H. 2008) (a general reference to a mass of documents or records has not adequately complied with Rule 33(d)).

AIS's testifying expert may have already provided this information to AIS when it enlisted his aid in answering Interrogatory Nos. 3 and 11. If so, AIS should provide the information in its supplemental answer. It is possible that AIS may need to again consult with its testifying expert to obtain this information before providing a supplemental answer. The Court has considered AIS's claim that Aleris is seeking preliminary conclusions from its expert witness before the expert's report is due. The claim is simply not borne out by the circumstances. AIS opted to produce the business records instead of answering the interrogatories. Thus, it has a duty to comply with Rule 33(d). Further, Aleris is not asking for a preliminary opinion prepared by AIS's testifying expert witness. Rather, Aleris is merely asking that AIS comply with its duty under Rule 33(d) by specifying the subparts to Interrogatory Nos. 3 and 11 that these records answer and where in the records the answer can be found.

In sum, AIS is directed to file supplemental answers to Interrogatory Nos. 3 and 11. AIS will strike from its supplemental answers to both interrogatories the general references to pleadings as a source of information responsive to each interrogatory. Further, AIS's supplemental answers to subpart (c) of Interrogatory No. 3 and subpart (e) of Interrogatory No. 11 must provide the

17

names, current addresses, and telephone numbers of all individuals having knowledge of the matter discussed in its answer to each interrogatory. AIS's supplemental answers to Interrogatory Nos. 3 and 11 must certify that the answer may be found in the 131 documents produced and specify where in the records the answer can be found. Additionally, AIS must fully respond to Interrogatory No. 3 and subparts (a) and (b) thereto instead of referring Aleris to its answer to Interrogatory No. 11. Further, as to the main paragraph of Interrogatory No. 11, AIS must describe the factual basis for the allegation in Paragraph 123 of the Complaint that "Aleris is required to pay AIS for AIS's additional labor costs, labor inefficiencies, extended general conditions, and any other damages as a result of Aleris's delays, disruptions, and interference on the Project ('Impact Costs')" (DN 58 PageID # 811, quoting DN 1 PageID # 15).

### b. Interrogatory No. 4

Aleris served Interrogatory No. 4 which reads as follows:

> Describe in detail, the factual basis for Your allegation that: There are no just set offs or credits against the Base Contract and Lien Amount of $1,518,610.79. In particular, please state with particularity:
> a. All requests or notifications of setoffs or credits AIS received from Aleris;
> b. Why each setoff or credit is not just or warranted, and the factual basis for such an assertion.

(DN 58 PageID # 818). AIS's second supplemental answer to Interrogatory No. 4 reads:

> See AIS' Complaint and AIS' Answers and Defenses to Aleris' Counterclaim in this case and AIS' Answer to Amended Complaint for Foreclosure of Mechanic's Liens and Breach of Contract and Counterclaim and Cross- claim filed in the case of Valley Electrical Consolidated, Inc. v. Aleris Rolled Products, Inc., et al. filed in the Hancock Circuit Court of the Commonwealth of Kentucky at case no. 18-CI-00077.
>
> By way for further answer, AIS avers that any setoff or credit now being raised by Defendant is being proffered in bad faith and pretext. Any setoff or credit was not raised and/or asserted by Aleris until

after AIS filed its mechanic's lien and civil action and shortly prior to the mediation in this case.  To the extent that Aleris incurred any costs and/or damages, those costs and/or damages resulted directly from Aleris own actions as set forth in AIS' Answer to Interrogatory No. 2.

Back Charges - AIS denies the validity of any Back Charges being asserted by Aleris.  Accordingly, Aleris is not entitled to a set off or credit for bogus back charges.

Acceleration Credits - Aleris is not entitled to a set off or credit for acceleration work simply because said work did not, in fact, accelerate the Project.  AIS avers that it completed all work required and supplied sufficient manpower as set forth under the terms of the acceleration change order.  As set forth in Answer to Interrogatory No. 2, the Project was plagued with delays and inefficiencies that were not caused by AIS.

Incomplete/Defective Work - AIS denies that its work was incomplete and/or defective in any manner whatsoever, and thus, denies that Aleris is entitled to a set off or credit for this item.

Other Miscellaneous Change Order Requests (COR)/ Credits – AIS denies that Aleris incurred any charges as a result of work omitted and/or deficiently performed by AIS.  Accordingly, AIS denies that Aleris is entitled to a set off or credit for this item.

Pass-Through Claims – After reasonable investigation, AIS is unaware of any passthrough claims resulting from AIS.  To the extent that Aleris incurred impact costs from MMR or UGS, it was the result of Aleris' own actions and/or actions of others and not AIS.  Accordingly, AIS denies that Aleris is entitled to a set off or credit for this item.

a.  AIS objects to this Interrogatory to the extent that it seeks information that is in the possession of and readily available to Defendant.  By way of further answer, AIS avers that it does not believe that it received any requests or notifications of setoff or credits from Aleris until after litigation commenced;

b.  See above.

(DN 58 PageID # 818-19).

19

Aleris argues that the second supplemental answer to Interrogatory No. 4 improperly defers to unidentified portions of pleadings, fails to simply answer the interrogatory by listing any of the requests or notifications of setoffs that AIS received through the date the interrogatory was issued, and fails to legitimately explain why any particular request/notification was unwarranted (DN 58 PageID # 819-20).  Aleris contends because the project continued after AIS filed suit and Aleris had other contractors performing items within AIS's original scope of work, such activity by other contractors generates setoffs and/or credits and AIS has a duty under the Rules and case law to explore notifications of setoffs or credits through the date the interrogatory was issued (Id.). Additionally, Aleris asserts that AIS's statement that the information is in the possession of Aleris and readily available to it is an unacceptable evasion of AIS's own duty to respond (Id.).  For these reasons, Aleris claims that AIS has violated the parties' Joint Stipulation and the Court Order on the same, by standing on meritless objections, deferring to the pleadings, and providing evasive, incomplete answers (Id.).

AIS contends it does not rely solely on the pleadings, and it provided a detailed and specific answer explaining why Aleris's setoffs or credits against the base contract and lien amount are not warranted (DN 59 PageID # 882-83).  AIS asserts that Aleris is in possession of the notifications of setoffs and credits and that AIS did not receive them until Aleris provided them in connection with the mediation, pleadings, and/or discovery in this case (Id.).

Aleris's reply reiterates its position that AIS is improperly using an arbitrary cutoff for its response to Interrogatory No. 4 (DN 60 PageID # 913-14).  Aleris reminds the Court that when AIS commenced this litigation the project was still ongoing and the activity by other contractors who were performing items within AIS's original scope of work generates setoffs and/or credits that are relevant to the claims and defenses in this action (Id.).  Aleris asserts that if AIS has no

responsive information or documents at all then it should have withdrawn all of its objections and simply provided an answer that no records exist (Id.).

As explained above, AIS's reference to unidentified portions to pleadings does not comply with AIS's duty under Rule 33(b)(3) to provide fulsome answers to each interrogatory. *See* Brown, 2017 WL 6939338, at *23-24 (must specifically respond to contention interrogatories by providing to the fullest extent possible the known facts as opposed to making general references to pleadings, depositions, or documents); Kuriakose, 2016 WL 4662431 at *3 (As Rule 33(b)(3) requires a party to answer each interrogatory "fully," it is technically improper and unresponsive for a party to answer an interrogatory by referring generally to outside material such as pleadings, depositions, or other interrogatories.); Myers, 316 F.R.D. at 198 (As a party must explain the factual bases for each affirmative defense, it is not sufficient to state that the factual bases for its defenses can be found in the administrative record).  Therefore, AIS must file a supplemental answer to this interrogatory that does not include the reference to pleadings as a source of information responsive to Interrogatory No. 4.

Next, AIS's second supplemental answer to Interrogatory No. 4 generally refers Aleris to its supplemental answer to Interrogatory No. 2 for information substantiating the claim that if Aleris incurred costs/damages they resulted directly from Aleris's own actions.   But the supplemental answer to Interrogatory No. 2 is awash with boilerplate objections, it refers generally to pleadings as a source of information, and it identifies several Project errors and omissions that AIS blames on Aleris (DN 58-1 PageID # 839-41).  The boilerplate objections to Interrogatory No. 2 do not comport with Rule 33(b)(4) which requires the objections be made "with specificity" and substantiated by submitting affidavits.  Wesley Corp. v. Zoom T.V. Products, LLC, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); In re Heparin Products Liability

Litigation, 273 F.R.D. 399, 410-11 (N.D. Ohio Jan. 24, 2011) (citations omitted). The references to pleadings generally do not comply with AIS's duty under Rule 33(b)(3) to provide fulsome answers to each interrogatory. Citing or referring to allegations in the Complaint that Aleris prevented or obstructed AIS's performance on the CALP Contract, is not responsive because Interrogatory No. 2 asks AIS to provide the factual basis for those allegations. More importantly, Interrogatory No. 2 asks for the factual basis of AIS's allegation that Aleris prevented or obstructed AIS's performance on the CALP Contract (DN 58-1 PageID # 839). By contrast, Interrogatory No. 4 asks for the factual basis of AIS's allegation that there are no just setoffs or credits against the Base Contract and Lien Amount of $1,518,610.79 (Id. PageID # 842). Thus, the interrogatories seek different but related information and Aleris is inappropriately required to infer what information AIS is referring to in its answer to Interrogatory No. 2. Because Rule 33(b)(3) requires a party to answer each interrogatory "separately and fully", it is technically improper and unresponsive for AIS to answer Interrogatory No. 4 by referring to its answer to Interrogatory No. 2. *See* Kuriakose, 2016 WL 4662431, at * 3, 4.

Subpart (a) to Interrogatory No. 4 directs AIS to state with particularity "[a]ll requests or notifications of setoffs or credits AIS received from Aleris" (DN 58-3 PageID # 853). Subpart (b) to the interrogatory asks AIS to state with particularity "[w]hy each set off or credit is not just or warranted, and the factual basis for the assertion" (Id.). AIS objected to both subparts on the grounds that the interrogatory seeks information that is in the possession of and readily available to Aleris (Id. PageID # 854). Additionally, AIS artificially limits its response to requests and notifications received prior to commencement of litigation. The Court concludes that AIS's objection fails because these subparts seek information that is relevant within the meaning of Rule 26(b)(1) and only AIS is capable of identifying what it received and explaining why it believes

each set off or credit is not just or warranted.  Further, AIS is required to answer the interrogatory as fully as the information available to it will allow.  Calderon, 1989 WL 62458, at *2.  AIS's attempt to arbitrarily limit the temporal scope of Interrogatory No. 4 and subparts (a) and (b) must fail because the requests or notifications of setoffs or credits that it received after commencement of litigation are relevant to the claims and defenses in this action.  Fed. R. Civ. P. 26(b)(1).

In sum, AIS must provide a more fulsome answer to Interrogatory No. 4 and subparts (a) and (b) thereto without boilerplate objections.  In doing so, AIS should not refer generally to pleadings and its answer to Interrogatory No. 2 as sources of information responsive to Interrogatory No. 4.

### c.  Interrogatory No. 6

Aleris's Interrogatory No. 6 reads as follows:

> Describe in detail, the factual basis for Your allegation that: To the extent that AIS was unable to meet any work schedules associated with the Project, it was due to Aleris' own conduct and Aleris' breach of the Contract in not performing its obligations thereunder, as alleged in the AIS Answer.  This includes, without limitation, which work schedules AIS was unable to meet and how each missed deadline in the schedule was missed due to Aleris' conduct.

(DN 58-3 PageID # 854).  AIS's second supplemental answer reads:

> AIS objects to this Interrogatory as it is vague, overly broad and unduly burdensome.  AIS has engaged in substantial discovery in this case and said discovery is on-going.  Due to the huge number of contractors and subcontractors involved in the Project and the extraordinary number of delays caused by Aleris in this case, it is unduly burdensome to request AIS to describe in detail the factual basis for AIS' assertion that Aleris was responsible to the extent that AIS did not meet any of its work schedules.  AIS intends to enlist a testifying expert relating to the issue of schedules in this case and this Interrogatory will be answered by said expert in his or her expert report.
>
> Subject to and without waiving the foregoing objections, see AIS' Complaint and AIS' Answers and Defenses to Aleris' Counterclaim

23

in this case and AIS' Answer to Amended Complaint for Foreclosure of Mechanic's Liens and Breach of Contract and Counterclaim and Cross-claim filed in the case of Valley Electrical Consolidated, Inc. v. Aleris Rolled Products, Inc., et al. filed in the Hancock Circuit Court of the Commonwealth of Kentucky at case no. 18-CI-00077. See also AIS' Answer to Interrogatory No. 2 above.

(DN 58-3 PageID # 854-55).

Aleris objects to AIS's boilerplate objections, its reference to pleadings, and referral to its answer to Interrogatory No. 2 (DN 58 PageID # 818).  AIS asserts that its objection is appropriate, and its answer properly references the pleadings and its answer to Interrogatory No. 2 (DN 59 PageID # 882).  Aleris's reply points out the boilerplate objections are improper (DN 60 PageID # 913).

The boilerplate objections to Interrogatory No. 6 do not comport with Rule 33(b)(4) which requires the objections be made "with specificity" and substantiated by submitting affidavits. Wesley Corp., 2018 WL 372700, at *4; In re Heparin Products Liability Litigation, 273 F.R.D. at 410-11 (citations omitted).  The references to pleadings generally do not comply with AIS's duty under Rule 33(b)(3) to provide fulsome answers to each interrogatory.  Next, Interrogatory Nos. 2 and 6 seek different but related information.  Because Rule 33(b)(3) requires a party to answer each interrogatory "separately and fully", it is technically improper and unresponsive for AIS to answer Interrogatory No. 6 by referring to its answer to Interrogatory No. 2.  *See* Kuriakose, 2016 WL 4662431, at * 3, 4.  Further, AIS's general reference to its answer to Interrogatory No. 2 inappropriately requires Aleris to infer what information in that answer AIS may believe is responsive to Interrogatory No. 6.  Id.

In sum, AIS must provide a fulsome answer to Interrogatory No. 6 that does not include boilerplate objections.  In doing so, AIS should not include the reference to pleadings and its answer to Interrogatory No. 2 as sources of information responsive to Interrogatory No. 6.

### d.  Interrogatory No. 8

The interrogatory reads:

> List all non-parties that AIS believes contributed to AIS's claimed delays, inefficiencies, disruptions, interference and/or inability to perform the CALP Contract, how each non-party contributed to AIS's alleged issues on the Project, and the financial impact such actions or inactions caused on AIS.

(DN 58-3 PageID # 855).  AIS's second supplemental answer to the interrogatory reads as follows:

> AIS objects to this Interrogatory as it is vague, overly broad and unduly burdensome to the extent that it is seeking information relating to facts and circumstances surrounding delays, inefficiencies, disruptions, interreferences and/or inabilities to perform the CALP Contract and the financial impact caused by third parties.  AIS has engaged in substantial third-party discovery in this case and said discovery is on-going.  Due to the huge number of contractors and subcontractors involved in the Project and the extraordinary number of delays caused by Aleris in this case, it is unduly burdensome to request AIS to list all non-parties that contributed to the delays, describe the contribution and describe the financial impact of each.  AIS was not originally in possession of the information necessary to completely answer this Interrogatory.  Through discovery AIS has obtained over 1 million pages of documents that need to be reviewed so AIS can determine whether it is able to answer this Interrogatory.  AIS is simply not in a position to be able to fully answer this Interrogatory.
>
> Subject to and without waiving the foregoing objection, see AIS' Complaint and AIS' Answers and Defenses to Aleris' Counterclaim in this case and AIS' Answer to Amended Complaint for Foreclosure of Mechanic's Liens and Breach of Contract and Counterclaim and Cross-claim filed in the case of Valley Electrical Consolidated, Inc. v. Aleris Rolled Products, Inc., et al. filed in the Hancock Circuit Court of the Commonwealth of Kentucky at case no. 18-CI-00077.  AIS avers that virtually all of the delays that occurred on the Project can be traced back to Aleris and the

> decisions it made as set forth in AIS' Answer to Interrogatory No. 2.
>
> By way of further answer: General Motors; CH2M Hill; Andritz; Otto Junker; Cives Steel Company; Covenant Steel Warehouse, Inc.; and others whose roles and identities will be adduced in discovery.  See also AIS' Answer to Interrogatory No. 2.

(Id.).

Aleris argues the parties' Joint Stipulation and Court Order on same plainly required AIS to remove the boilerplate objections where they are inapplicable (DN 58 PageID # 816-17).  Further, the boilerplate objections do not apply because the interrogatory is clear, reasonable, and proper (Id.).  Aleris contends that despite AIS listing six non-parties that purportedly contributed to delays, AIS has not provided an explanation as to how they contributed to the delays and the financial impact of any of them (Id.).  Aleris asserts that AIS also fails to identify the other non-parties who contributed to the alleged delays (Id.).

In response, AIS explains that it has provided all that it presently has and cannot provide a complete response to the interrogatory because much of the information substantiating its claims are in the possession of Aleris and the third parties (DN 59 PageID # 881-82).  AIS indicates it must conduct discovery to determine all the reasons for the delays and the financial impact of each delay (Id.).

In reply, Aleris suggests that what AIS has provided is not sufficient (DN 60 PageID # 912-13).  Further, Aleris indicates it should not have to wait for AIS's expert report to obtain an answer to this interrogatory (Id.).

The boilerplate objections to Interrogatory No. 8 do not comport with Rule 33(b)(4) which requires the objections be made "with specificity" and substantiated by submitting affidavits. Wesley Corp., 2018 WL 372700, at *4; In re Heparin Products Liability Litigation, 273 F.R.D. at

410-11 (citations omitted).  The references to pleadings generally do not comply with AIS's duty under Rule 33(b)(3) to provide fulsome answers to each interrogatory.  Next, Interrogatory Nos. 2 and 8 seek different but related information.  Because Rule 33(b)(3) requires a party to answer each interrogatory "separately and fully", it is technically improper and unresponsive for AIS to answer Interrogatory No. 8 by referring to its answer to Interrogatory No. 2.  *See* Kuriakose, 2016 WL 4662431, at * 3, 4.  Further, AIS's general reference to its answer to Interrogatory No. 2 inappropriately requires Aleris to speculate what information in that answer AIS may believe is responsive to Interrogatory No. 8.  Id.

In sum, AIS must provide a more fulsome answer to Interrogatory No. 8 that does not include boilerplate objections.  While AIS may not yet possess all the material necessary to fully respond to this interrogatory, even at this early stage of litigation AIS is expected to have some good faith basis in fact and law for the claim being asserted.  *See* Fed. R. Civ. P. 11(b)(2) and (3); Cleveland Const., Inc., 2006 WL 2167238, at *7 (citations omitted).  Additionally, AIS should not include references to pleadings and its answer to Interrogatory No. 2 as sources of information responsive to Interrogatory No. 8.

### 2.  Request for Admission Nos. 3-7, 9, and 20

The scope of Rule 36 is limited to "matters within the scope of Rule 26(b)(1)."  Fed. R. Civ. R. 36(a)(1).  "Requests for Admissions are intended to narrow the factual issues of a case." Booth Oil Site Administrative Group v. Safety–Kleen, 194 F.R.D. 76, 79 (W.D.N.Y.2000).  A party requesting an admission "bears the burden of setting forth [his] requests simply, directly, and not vaguely and ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification."  Henry v. Champlain Enters., Inc., 212 F.R.D. 73, 77 (N.D.N.Y.2003).

"Requests for admission may relate to [facts and] the application of law to fact.  Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule.  Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36." United States v. Petroff-Kline, 557 F.3d 285, 293 (6th Cir. 2009) (quoting 7 Moore's Federal Practice § 36.108 at 36–26 (3d ed. 2008)).  The court has substantial discretion to determine the propriety of each request for admission and the sufficiency of the responses thereto.  National Independent Truckers Ins. Co. v. Gadway, No. 8:10 CV 253, 2011 WL 5554802, at *2 (D. Neb. Nov.15, 2011).  If the court finds that an answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served."  Fed. R. Civ. P. 36(a)(6).

**a.   Request for Admission Nos. 3-7**

Request for Admission Nos. 3-7 and AIS's second supplemental answers read as follows

> **3.** Admit that, under the AIS Contract, AIS was obligated to provide labor, material and services within the approved schedule and complete all its work in a good and workmanlike manner.

> **ANSWER**: Denied as stated to the extent that Defendant implies that there was an "approved schedule"; that Plaintiff was provided with such a schedule; that Plaintiff determined that such schedules as it was given were feasible or subject to review and approval; or that such schedules as were given were based on actual events and conditions in existence at the time of issuance – none of which was the case.  To the contrary, the schedule process of Defendant was so haphazard, unworkable, uncoordinated and based upon fantasy and wishful thinking as to be useless.
> Defendant ultimately stopped conducting schedule meetings and abandoned the provision of meaningful schedules based on fact and feasible deadlines.  The written contract terms regarding the preparation and issuance of schedules, which terms speak for themselves, were in most instances abandoned, breached or ignored by Defendant.  Notwithstanding the foregoing objections, AIS admits the obligations set forth in its contract, which contract speaks for itself.  By way of further response, AIS incorporates the averments set forth in Response No. 2 above.

**4.** Admit that, to the extent AIS believed the AIS Contract was unclear or ambiguous, AIS was required to notify Aleris.

**ANSWER**: Denied as stated to the extent that Defendant implies that the duties of Aleris under the AIS Contract were faithfully performed, that Plaintiff could have reasonably anticipated the wholesale breaches of duty engaged in by Aleris (as set forth in detail Plaintiff's Complaint) or that Defendant did not engage in post-execution conduct inconsistent with said duties. The written terms of the contract speak for themselves. Contrary to the thrust of Defendant's request, the terms of the AIS Contract are clear and unambiguous – what rendered the Contract unclear and ambiguous was the (unforeseeable) extent to which Aleris would deviate from them. Notwithstanding the foregoing objections, AIS admits the obligations set forth in its contract, which contract speaks for itself. By way of further response, AIS incorporates the averments set forth in Response Nos. 2 and 3 above.

**5.** Admit that, under the AIS Contract, AIS agreed to monitor its work and promptly notify Aleris of any potential delays.

**ANSWER**: Denied as stated to the extent that Defendant asserts by the use of the term "any potential" delays a duty on AIS beyond the terms of its Contract, which terms speak for themselves. To the contrary, the cause of the delays in the Project were overwhelmingly caused by Aleris or parties under its control, and in most instances were concealed from AIS or already within Aleris' scope of knowledge. Notwithstanding the foregoing objection, AIS admits the obligations set forth in its contract, which contract speaks for itself. By way of further response, AIS incorporates the averments set forth in Response Nos. 2, 3 and 4 above.

**6.** Admit that, under the AIS Contract, to the extent Aleris and AIS were unable to resolve issues, AIS agreed to provide Aleris with 21 days' notice of any occurrence giving rise to a claim.

**ANSWER**: Denied as stated to the extent that Defendant fails to identify the "issues" to which it refers and/or implies that such issues were disclosed by Aleris, known to AIS, quantifiable by AIS, ever resolved by the parties or that Aleris ever engaged in good faith negotiations with AIS. The written terms of the contract speak for themselves. Notwithstanding the foregoing objections, AIS admits the obligations set forth in its contract, which contract speaks for itself. By way of further response, AIS incorporates the averments set forth in Response Nos. 2, 3, 4 and 5 above.

29

**7.** Admit that AIS' complete duties and obligations are set forth in the AIS Contract.

**ANSWER**: Denied as stated to the extent that Defendant uses the term "complete" to imply that Aleris' post-formation breaches of Contract did not affect Plaintiff's duties as the same were subject to modification by express agreement, necessary implication or ratification by conduct in light of Defendant's multiple breaches of contract, as is set forth in detail in Plaintiff's Complaint. AIS admits the obligations set forth in its contract at the time the contract was executed, which contract speaks for itself. By way of further response, AIS incorporates the averments set forth in Response Nos. 2, 3, 4, 5 and 6 above.

(DN 58 PageID # 820-22; DN 58-3 PageID # 859-61).

Aleris argues each of AIS's responses is marred by its decision to simultaneously assert the matter is "[d]enied as stated to the extent . . . [,]" then offer an explanation, then assert the contracts and/or its terms speak for themselves, and then incorporate other answers to Requests for Admissions (DN 58 PageID # 822). Aleris contends the Requests for Admissions are straightforward and each is directed to the issues in the case (Id.). Aleris accuses AIS of willingly defying the parties' Joint Stipulation and the Court Order on same, as well as its basic discovery obligations, by refusing to simply admit or deny the matter, or otherwise explain why it does not have the requisite knowledge to do either (Id.).

AIS contends that it completely denied each of the Requests for Admissions by stating "denied as stated" and then went on to explain why it is being denied (DN 59 PageID # 883-84). AIS asserts that this is an entirely appropriate answer to the Requests for Admissions and then explain why it is being denied (Id. citing Rule 36(a)(4), Drutis v. Rand McNally & Co., 236 F.R.D. 325 (E.D. Ky. 2006), Piskura v. Taser Int'l, No. 1:10-CV-248, 2011 WL 6130814 (S.D. Ohio Nov. 7, 2011), and Henry v. Champlain Enters., Inc., 212 F.R.D. 73, 77 (N.D. N.Y. 2003)). (Id.).

30

In its reply, Aleris acknowledges that, in some instances, a denial of a Request for Admission is properly paired with a brief explanation (DN 60 PageID # 914-16). Aleris points out that AIS's responses set forth an objection, lengthy explanation, argument, a partial denial, and an incorporation of several additional lengthy answers (Id.). Aleris asks the Court to overrule AIS's objections, and order AIS to amend its responses to these Requests for Admissions (Id).

The first sentence of the Rule states that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). The words "specifically deny" do not mean that details must be provided or that an explanation is necessary. Shadburne v. Bullitt Cnty., Kentucky, No. 3:17-CV-00130-DJH, 2017 WL 6391483, at *7 (W.D. Ky. Dec. 14, 2017) (citing In re Wahlie, Nos. 11-3157 and 10-31680, 2011 WL 6757006, at *2-3 (N.D. Ohio Dec. 23, 2011) (Use of the word "DENY," in response to a request for admissions is sufficient under Rule 36.); Jones v. Univ. of Memphis, No. 2:15-CV-02148-JPM-cgc, 2016 WL 6123510, at *1 (W.D. Tenn. Sept. 23, 2016) (Answer indicating "Defendant denies the allegations as stated in Request No. 16" deemed to constitute a specific denial.)). Rather, all that is necessary to make a complete denial is a sentence word response like "[d]eny." *See* Drutis, 236 F.R.D. at 328. It may be followed by an explanation of the denial. *See* Id. at 328-29.

The second sentence to the Rule states "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). The word "specify," as used here, envisions that a simple one-word denial may not be sufficient, and the responding party will provide detail where needed. In re Wahlie, 2011 WL 6757006, at *3.

Request for Admission Nos. 3-7 concern the AIS Contract.  AIS's responses to these Requests for Admissions are not complete denials followed by an explanation of the denial. Rather, they are qualified answers that do not comport with Rule 36 and applicable case law.  For example, Request for Admission No. 3 asks AIS to "[a]dmit that under the AIS Contract, AIS was obligated to provide labor, material and services within the approved schedule and complete all its work in a good and workmanlike manner" (DN 58 PageID # 820).  AIS responds "[d]enied as stated to the extent that [Aleris] implies that there was an 'approved schedule'" and provides a multi-sentence explanation why it objects to that characterization (Id.).  Because of the qualifying language in this sentence and the substance of its objections, AIS has not made a complete denial of the Request for Admissions.  Next, AIS's response indicates "[n]otwithstanding the foregoing objections, AIS admits the obligations set forth in its contract, which contract speaks for itself" (Id. PageID # 821).  But that is not admitting any part of what is set forth in Request for Admission No. 3.  Further, "[s]tating a document speaks for itself avoids the purpose of requests for admission, *i.e.*, narrowing the issues for trial."  Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc., No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *5 (W.D. Ky. July 2, 2015) (citing Miller v. Holzmann, 240 F.R.D. 1, 4 (D. D.C. 2006)).  Thus, to the extent that AIS's response indicates the AIS Contract "speaks for itself," AIS has not sufficiently met the requirements of Rule 36.  *See* Jones, 2016 WL 6123510, at *2 (citing Aprile Horse, 2015 WL 4068457, at *5).  The final sentence in AIS's response incorporates generally the averments AIS set forth in response to Request for Admission No. 2.  This does not comport with Rule 36 either.  Clearly, AIS has not complied with the first sentence in Rule 36 because AIS has not admitted, completely denied, or explained why it cannot truthfully admit or deny Request for Admission No. 3 (Id. PageID # 820-21).  Nor does AIS's response comport with the second sentence of Rule 36 because AIS has not specified the

part admitted and qualified or denied the rest of the Request for Admission.  These failures also exist in AIS's responses to Request for Admission Nos. 2, 4, 5, 6, and 7.  In sum, AIS is directed to amend its responses to Request for Admission Nos. 3-7.

### b. Request for Admission Nos. 9 and 20

Request No. 9 asks AIS to "Admit that AIS was unable to meet multiple deadlines it agreed to meet for the Project" (DN 58 PageID # 822; DN 58-3 PageID # 861).  AIS's second supplemental response reads:

> Denied.  Plaintiff objects to Defendant's use of the word "unable" to the extent that it implies any fault or responsibility on the part of AIS, and to the use of the term "multiple deadlines" to the extent the term is vague and ambiguous and used to imply that all of the conditions and events caused by Defendant that affected any deadlines, or the ability to comply therewith, could be known at the time the contract was executed, or were not subject to subsequent modification by the express agreement of the parties, or by necessary implication from the conduct of the parties. Notwithstanding the foregoing objections, the Request is denied., as AIS was not given an opportunity to "agree" to such deadlines and such deadlines as were imposed upon it were often unfeasible or based upon false information.  AIS could not meet imposed deadlines for the erection of steel when the steel did not exist and could not meet imposed deadlines for the installation of equipment that had not been delivered.  It is denied that any failure on the part of AIS to meet any contractual deadline was the fault of or within the control of AIS; to the contrary, AIS avers that each and every failure on its part to meet any such deadline was due to, and solely and proximately caused by, the failure of Aleris and the individuals and entities under its control, to timely perform work which was a necessary condition precedent to AIS' work.  By way of further response, AIS incorporates the averments set forth in Response Nos. 2, 3, 4, 5, 6, 7 and 8 above.  AIS avers that it was able to timely meet all of its contractual duties once Aleris, and the individuals and entities under its control, performed all of the necessary conditions precedent to its work.

(DN 58 PageID # 822-23; DN 58-3 PageID # 861-62).

Request No. 20 asks AIS to "[a]dmit that AIS did not meet the agreed upon accelerated work schedules for the Project" (DN 58 PageID # 823; DN 58-3 PageID # 863).  AIS responded as follows:

> Denied as stated.  Plaintiffs specifically objects to Defendant's use of the term "agreed to" as Aleris typically unilaterally released schedules on a haphazard basis without the agreement of the affected parties.  By way of further Response, Aleris "acceleration change order" called for AIS to dedicate increased manpower and hours to the completion of work, rather than impose an arbitrary impact on a schedule AIS was not privy to, much less agree to.  Aleris' scheduling of work on the project often lacked any foundation in fact and was often based upon assumptions that were untrue.  Aleris engaged in chaotic and inconsistent scheduling of work on the project, lacked coordination of schedules, lacked meaningful input of the affected parties and associated completion dates were often unfeasible at the time the schedule was issued, IF it was issued.  Aleris ultimately abandoned scheduling meetings, and in some instances released schedules calling for installation of steel and equipment prior to the arrival of either.  Worse, Aleris routinely misrepresented both the status of efforts to obtain materials and equipment, to the extent that on certain occasions it was representing a delivery date for materials that it had not yet contracted for, much less purchased.  Under the circumstances Aleris corrupted and repudiated any rational scheduling process, rendering compliance therewith both an impossibility and a nullity.  By way of further Response, AIS incorporates the averments of Response Nos. 2, 3, 4, 5, 6, 7, 8 9 and 19 above.

(DN 58 PageID # 823; DN 58-3 PageID # 864).

Aleris argues that in both responses AIS simultaneously denies, objects, denies again, explains, denies a third time, then incorporates several other answers to Requests for Admissions, without even attempting to identify which parts of the referenced answers it is even intending to incorporate.  (DN 58 PageID # 823-24).  Aleris contends that AIS is violating its obligation to simply admit, deny, or to legitimately explain why it is without knowledge to do so (Id.).  AIS responds that it completely denies each Request for Admission and explains its denial (DN 59 PageID # 884).  Aleris acknowledges that, in some circumstances, a denial is properly paired with

a brief explanation (DN 60 PageID # 914).  These responses posit more than a brief explanation (<u>Id.</u>).

AIS has complied with Rule 36 because the first sentence of each response completely denied the Request for Admission.  AIS's response also provided an explanation why it denied the Request for Admission.  *See* <u>Drutis</u>, 236 F.R.D. at 328-29.

### 3. Attorneys' Fees

Aleris argues the Court should require AIS to pay Aleris's attorneys' fees associated with this motion to compel, its prior motion to compel, and all meet and confer efforts preceding the motions (DN 58 PageID # 824-25 citing Fed. R. Civ. P. 37(a)(5)(A) and <u>Escalera v. Bard Medical</u>, No. 4:16-CV-00121-JHM, 2017 WL 6508361, *4 (W.D. Ky. Dec. 19, 2017)).  Aleris asserts that AIS's persistent discovery violations have stymied discovery and are substantially worse than the defendant's conduct in <u>Escalera</u> because AIS has violated Court-issued discovery orders (<u>Id.</u> citing Fed. R. Civ. P. 37(b)(2)(C)).  Aleris contends that AIS cannot legitimately claim that its discovery failures are substantially justified or that an award of fees would be unjust (<u>Id.</u>).

AIS argues it conferred with Aleris in good faith to successfully narrow the issues presented in Aleris's initial motion to compel, its discovery responses were substantially justified, and awarding Aleris its counsel fees under the circumstances is unjust (DN 59 PageID # 884-88 citing Fed. R. Civ. P. 37(a)(5)(A)(ii) and <u>Brown v. Wal-Mart Stores, Inc.</u>, 507 F. App'x 543, 549 (6th Cir. 2012)).  AIS claims that its answers to the interrogatories provided all the information in its possession, there is no additional information to provide unless it is prepared by AIS's testifying expert which is premature, and if ordered to supplement AIS would cut and paste the very same information into its answers (<u>Id.</u>).  AIS asserts that its responses to the requests for admissions provided a complete denial followed by an explanation for its denial (<u>Id.</u>).  AIS suggests that

Aleris's complaints are more directed at the form of AIS's answers and not the substance (Id.). AIS suggest that an award of attorney fees would be unjust because Aleris's discovery responses contain the same type of objections and information (Id.).

Aleris's reply points out that despite being under a Court Order and Stipulation to amend many of its discovery responses, AIS failed to do so (DN 60 PageID # 916-17).  Aleris asserts that AIS's response to the Amended Motion to Compel demonstrates that it had the capacity to provide additional information in its discovery responses but failed to do so (Id.).  Aleris contends that AIS's pattern of simply incorporating more and more prior argument, pleadings, interrogatory, request for admission responses into supplemental answers is not good faith supplementation (Id.). Aleris argue that AIS's complaints about Aleris not fulfilling its discovery obligations is irrelevant to the issue of whether the Court should order AIS to pay Aleris's attorneys' fees (Id.).

Rule 37 governs motions to compel discovery responses and the payment of expenses if a motion is granted in whole or part.  Canter v. Alkermes Blue Care Elect Preferred Provider Plan, No. 1:17-CV-399, 2019 WL 1760175, at *1 (S.D. Ohio April 22, 2019).  Rule 37(a)(5)(A) provides for the payment of the "reasonable expenses incurred in making the motion, including attorney's fees", if the motion is granted or if the requested discovery is provided after the motion has been filed.  But the Rule directs that "the court must not order this payment if:

(i)     the movant filed the motion before attempting in good faith
        to obtain the disclosure or discovery without court action;
(ii)    the opposing party's nondisclosure, response, or objection
        was substantially justified; or
(iii)   other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A).

Rule 37(a)(5)(C) applies if a motion to compel is granted in part and denied in part.  Under this provision of the Rule, a court "may, after giving an opportunity to be heard, apportion the

reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).  Further, under Rule 37(a)(5)(C), a court has discretion as to whether to apportion reasonable expenses for a motion to compel that is granted in part and denied in part.  Hollingsworth v. Daley, No. 2:15-cv-36, 2016 WL 2354797, at *2 (E.D. Ky. Mar. 21, 2016) (Report and Recommendation), *adopted*, 2016 WL 1737956 (E.D. Ky. May 2, 2016); *see also* Galinis v. Branch County, No. 1:14-cv-00460, 2015 WL 2201696, at *3 (W.D. Mich. May 11, 2015) (the Court has greater discretion in deciding whether to award fees and costs under Rule 37(a)(5)(C) than it has under subsection (a)(5)(A)).  Factors that are relevant to whether an award of sanctions is warranted include whether the party's "failure to sufficiently respond was willful or made in bad faith" and whether the party's failure to respond has prejudiced the party propounding the discovery.  Id. (citing Spees v. James Marine, Inc., No. 5:08-cv-73, 2009 WL 981681, at *5 (W.D. Ky. Apr. 13, 2009)).  Courts also look to the party's justification for its initial response to the discovery.  Groupwell Int'l (HK) Ltd. v. Gourmet Exp., LLC, 277 F.R.D. 348, 361 (W.D.Ky.2011).  If the party's initial response is reasonably justified an award of reasonable expenses is not appropriate.  Id.  An award of fees under Rule 37(a)(5)(C) has been held to be inappropriate where the parties prevailed on a motion to compel "in approximate equal degree."  Wright v. State Farm Fire and Cas. Co., No. 2:12-cv-409, 2013 WL 1945094, at *6 (S.D. Ohio May 9, 2013) (citing National Hockey League v. Metropolitan Hockey Club, 421 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988)).

Various sanctions are available for violations of a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  There must be clear and convincing evidence showing the party violated a definite and specific discovery order.  Martinez v. Blue Star Farms, Inc., 325 F.R.D. 212, 224 (W.D. Mich. Mar. 29, 2018); Tallakoy LP v. Black Fire Energy, Inc., No. 7:14-CV-180-ART, 2016 WL 11547152, at *2 (E.D. Ky. June 23, 2016).  Instead of the sanctions, or in addition to them, "the

court must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

At first blush it appears that Rule 37(a)(5)(C), as opposed to Rule 37(a)(5)(A), applies because Aleris's motion to compel is being granted in part and denied in part. But Aleris suggests that Rule 37(b)(2) may apply because AIS disobeyed two discovery orders (see DN 27, DN 54).

The first order, issued following a telephonic status conference on September 24, 2019, addresses scheduling and discovery issues raised by the parties (*see* DN 27). In pertinent part it reads, "[b]oth parties will supplement their damages calculation disclosures" ((DN 27 ¶ 4). While this Order may satisfy the "discovery order" requirement in Rule 37(b)(2), Aleris has not demonstrated that AIS failed to obey the Order. Specifically, Aleris concedes that AIS "did serve a supplemental damages disclosure" (DN 58 PageID # 806). Fed. R. Civ. P. 37(b)(2).

The second order is an Agreed Order related to a Joint Stipulation that the parties entered into in an attempt to resolve Aleris's initial Motion to Compel (*see* DN 43, 52, 54). Pursuant to the Joint Stipulation AIS agreed to: file amended responses to the Requests for Admissions without boilerplate objections such as "vague, ambiguous, and calling for a legal conclusion" and "subject to and without waiving" where such objections are inapplicable; and "state whether it admits, denies, or is without knowledge for those Requests which do not currently have such an answer" (DN 52 ¶ 3). AIS also agreed to provide supplemental responses to Interrogatory Nos. 2 through 8 that: remove the General Objections; remove boilerplate objections such as "vague, overbroad, and unduly burdensome" where such objections are inapplicable; and provide more detailed substantive responses (Id. ¶ 4). Further, as to Interrogatory No. 11, AIS agreed to "use its best efforts to provide an amended interrogatory response, similar to the form of Aleris's amended

interrogatory response on damages (Doc. No. 43-2, pp. 28-31) providing greater detail on AIS's claimed damages, including, but not limited to, AIS's categories of damages and/or explaining how its supplemental production on damages pertain to its claimed damages" (DN 52 ¶ 5). The Agreed Order directs "AIS shall supplement its discovery responses in accordance with the Joint Stipulation of the parties filed on March 27, 2020" and AIS "shall" serve its supplemental responses by no later than April 27, 2020 (DN 54 ¶¶ 1 & 2, citing DN 52).

The Court notes that AIS served its supplemental responses to the Requests for Admissions on April 27, 2020 (DN 58-1 PageID # 828-36). When AIS's supplemental responses (DN 58-1 PageID # 828-35) are compared to its original discovery responses (DN 43-2 PageID 719-25) there are notable changes. AIS removed the boilerplate objections and admitted or denied 22 of the 29 Requests for Admission (DN 58-1 PageID # 828-35). AIS admitted in part and denied in part Request for Admission No. 9 (Id. PageID # 831). And AIS objected to Request for Admission Nos. 2, 3, 4, 5, 6, and 22 to the extent that it called for a legal conclusion (Id. PageID # 828-35). Rule 36(a)(5) explicitly provides for the responding party to make an objection so long as the grounds for the objection are stated. Khaliel v. Norton Healthcare, Inc. Retirement Plan, 2012 WL 6554714, at *4 (W.D. Ky. Nov. 20, 2012). Further, requests that seek legal conclusions are not allowed under Rule 36. See Great Northern Ins. Co. v. Altmans Products LLC, No. 08-CV-10395, 2008 WL 3852168, at *2 (E.D. Mich. Aug. 18, 2008); Reichenbach v. City of Columbus, No. 2:03-CV-1132, 2006 WL 143552, at * 2 (S.D. Ohio Jan. 19, 2006). Considering the circumstances, Aleris has not demonstrated by clear and convincing evidence that AIS's supplemental responses to the Requests for Admissions disobeyed the Agreed Order and Joint Stipulation.

The Court notes that AIS served its supplemental responses to the Interrogatories on April 29, 2020 (DN 58-1 PageID # 837-46). Despite agreeing to remove the boilerplate objections where

inapplicable, AIS did not remove them from its supplemental responses to Interrogatory Nos. 2,4,5,6,7, and 8 or make any effort to demonstrate they were substantially justified (*compare* DN 58-1 PageID # 837-46 *with* DN 43-2 PageID 707-17).  AIS provided a more detailed substantive response to Interrogatory No. 2 and some additional information in response to Interrogatory No. 5 (Id.).  But AIS failed to provide more detailed substantive responses to Interrogatory Nos. 3, 4, 6, 7, and 8 (Id.).  In reaching this conclusion, the Court discounted AIS's attempt to supplement its answers to Interrogatory Nos. 6 and 8 by referencing its answer to Interrogatory No. 2.[4] Additionally, AIS did not provide a supplemental response to Interrogatory No. 11.  In an April 29, 2020 email, AIS advised Aleris that AIS would not be providing a supplemental answer to Interrogatory No. 11 because it has already provided all the information and documents concerning damages that it presently has and additional information will be produced in the testifying expert report (DN 59 PageID # 872; DN 59-2 PageID # 891).  The Court has already identified the additional information that AIS should have provided in a supplemental response to Interrogatory No. 11.  Considering the circumstances, Aleris has demonstrated by clear and convincing evidence that AIS's supplemental responses to Interrogatory Nos. 2-8, and 11 disobeyed the Agreed Order and Joint Stipulation.  Therefore, Rule 37(b)(2) applies to the determination whether AIS must pay Aleris's reasonable expenses, including attorney's fees.

Regarding the discovery responses that AIS is directed to supplement, the Court concludes that AIS has not demonstrated that its nondisclosure, responses, and/or objections are justified to a degree that could satisfy a reasonable person. *See* Meyer v. Bank of America, N.A., 2019 WL 7820519, at *2 (S.D. Ohio Mar. 8, 2019) ("substantially justified" is justified to a degree that could

---

[4] Because Rule 33(b)(3) requires a party to answer each interrogatory "separately and fully", it is technically improper and unresponsive for AIS to answer Interrogatory Nos. 6 and 8 by referring to its answer to Interrogatory No. 2. *See* Kuriakose v. Veterans Affairs Ann Arbor Healthcare System, No. 14-CV-12972, 2016 WL 4662431, at * 3, 4 (E.D. Mich. Sept. 7, 2016).

satisfy a reasonable person); Consumer Financial Protection Bureau v. Borders & Borders, PLC, No. 3:13-CV-1047-CRS, 2016 WL 9460472, at *5 (W.D. Ky. June 29, 2016) (an action is "substantially justified" if it could satisfy a reasonable person).  AIS argues the award of attorney fees would be unjust because it believes it has appropriately responded to discovery and Aleris has submitted discovery responses containing the same type of objections and information (DN 59 PageID # 886).  The focus should be on AIS's conduct in assessing whether an award is unjust. See Czerneski v. American Blue Ribbon Holdings, LLC, No. 12-CV-12417, 2014 WL 1304596, at *3-4 (E.D. Mich. Mar. 28, 2014) (examined parties behavior in assessing whether award would be unjust); Kowalke v. Swiss-American Trading Corp, No. 2:11-CV-280, 2012 WL 12887715, at *2 (S.D. Ohio June 15, 2012).  The Court acknowledges AIS's efforts to confer and narrow the scope of the discovery dispute.  However, these efforts were prompted by Aleris filing the motion to compel (DN 43).  Further, despite agreeing in the Joint Stipulation to make certain substantive changes to its answers to the interrogatories, AIS did not substantially justify its failure to make those changes.  In sum, AIS has failed to demonstrate that an award would be unjust considering the totality of the circumstances.

The Court notes that Aleris has not quantified and documented its claim for reasonable expenses, including attorneys' fees.  Moreover, AIS must have an opportunity to respond to the reasonableness of the expenses claimed and address the issue of apportioning the expenses because the motion to compel is granted in part and denied in part.  Therefore, the Court will establish a schedule for the parties to supplement the record on this issue.

**ORDER**

**IT IS HEREBY ORDERED** that Aleris's motion to compel (DN 58) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that **by no later than September 18, 2020,** AIS must provide more fulsome answers to Interrogatory Nos. 3 and 11 that comport with the instructions set forth above.

**IT IS FURTHER ORDERED** that **by no later than September 18, 2020,** AIS must provide more fulsome answers to Interrogatory Nos. 4, 6, and 8 that comport with the instructions set forth above.

**IT IS FURTHER ORDERED** that **by no later than September 18, 2020,** AIS must provide amended responses to Request for Admission Nos. 3-7 that comport with the instructions set forth above.

**IT IS FURTHER ORDERED** that **by no later than August 25, 2020**, Aleris must file a memorandum and supporting documentation quantifying its claim for reasonable expenses, including attorneys' fees.

**IT IS FURTHER ORDERED** that by **no later than September 15, 2020**, AIS must file its memorandum in response.

**IT IS FURTHER ORDERED** that **by no later than September 30, 2020**, Aleris may file a reply memorandum.

July 31, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:          Counsel